## THE STATE v. JAMES ZUGRAS, Appellant.

### Division Two, December 31, 1924.

1. **INFORMATION: Affidavit: Made after Jury is Sworn.** A permission by the court to the prosecuting attorney to sign the affidavit to the information after the jury is impaneled and sworn to try the case, is not for consideration on appeal where no objection was made or exception saved to the action of the court.

2. **SEARCH WARRANT: Motion to Quash Overruled: No Bill of Exceptions.** If defendant's motion to quash a search warrant and to exclude the evidence obtained in its execution is overruled, the defendant, in order to have the ruling of the court reviewed on appeal, must file a term bill of exceptions or obtain leave to file it at a subsequent term. To file a bill of exceptions at the next term, without leave obtained at the term at which the motion was overruled, does not preserve for review the motion or the validity of the search warrant.

3. ———: ———: ———: **Evidence Admissible.** Unless defendant files a term bill of exceptions, or obtains leave to file one, at the term at which his motion to quash the search warrant was overruled, the evidence obtained by the execution of the warrant, if otherwise competent and relevant, is admissible in evidence at his trial at a subsequent term, and the court will not then consider the collateral objection that the evidence was obtained by illegal means.

4. ———: **Intoxicating Liquors: Established by Possession: Search and Seizure: Sufficient Evidence of Guilt.** The sheriff did not search defendant's dwelling house, but in a woodland belonging to defendant and one hundred and fifty yards from the house, he found two copper stills in a gully, and nine barrels of mash, containing 8.1 per cent alcohol, and partly concealed by brush and trees; a

State v. Zugras.

well-worn path led from this place to defendant's house, and wagon
tracks to his barn.   A majority of the judges express no dissent
from or concurrence with the commissioner's · opinion that the
search and seizure were not violative of the Bill of Rights and
that the law did not, under the circumstances, since there was no
search of defendant's dwelling house, require the sheriff to have
a search warrant; but a majority do concur in the result of the
commissioner's opinion that the evidence obtained by the sheriff
was admissible, because no bill of exceptions was filed at the term
at which the motion to quash the search warrant was overruled,
and that the evidence was amply sufficient to sustain the jury's
verdict finding defendant guilty (1) of unlawfully having in his
possession two stills used and fit for use in the production of in-
toxicating liquor and (2) of unlawfully having in his possession
nine barrels of mash used and fit for use in the production of in-
toxicating liquor.

Citations to Headnotes: 1 to 3, Criminal Law: 1, 17 C. J. pars. 3330,
3337; 2, 17 C. J. par. 3434; 3, 17 C. J. par. 3414.   Headnote 4: Searches
and Seizures, 35 Cyc. 1272 (1926 Anno).

Appeal from Ralls Circuit Court.—*Hon. Charles T.
Hays*, Judge.

AFFIRMED.

*Drake Watson* and *D. M. Stout* for appellant.

(1)   The affidavit for a search warrant is based on
belief stating ''that I verily believe from evidence
obtained that one James Zugras is engaged in the
manufacture,'' etc., stating no fact or circumstance on
which he bases his belief, is not a sufficient showing for
a judicial finding that there is probable cause for
issuance of a search warrant, and the search warrant is
void, and defendant's motion to suppress the evidence
and quash the search warrant should have been sustained.
Sec. 11, Art. 2, Mo. Constitution; Amendment 4, U. S.
Constitution;   State v. Lock, 259 S. W. 116;   State v.
Owens, 259 S. W. 100;   State v. Tunnell, 259 S. W. 128;
Cooley on Const. Lim. (7 Ed.) p. 429; Gouled v. United
States, 255 U. S. 298.   (2)   The evidence in this case
having been illegally obtained cannot be used against
defendant.   State v. Owens, 259 S. W. 100.

*Jesse W. Barrett,* Attorney-General, and *Wm. L. Vandeventer,* Special Assistant Attorney-General, for respondent.

(1) Under the late holdings of this court the search warrant was illegal and void. State v. Owens, 259 S. W. 100; State v. Lock, 259 S.. W. 116; State v. Tunnell, 259 S. W. 128; State v. Smith, 262 S. W. 65. (2) But the property introduced in evidence was not obtained by the search warrant, but was discovered by the officers in a woodland belonging to defendant and before they had arrived at his residence. This evidence was admissible. Brent v. Commonwealth, 194 Ky. 504. (3) All these offenses could be charged in separate counts of the same information. Sec. 6596, R. S. 1919; State v. Berry, 255 S. W. 337.

HIGBEE, C.—The information is in four counts, based on Section 6588, Laws 1921, page 413. The first count charges that the defendant, on the —— day of April, 1923, at Ralls County, unlawfully had in his possession a certain copper still, used and fit for use in the production of intoxicating liquor, contrary to the form of the statute, etc. The second count charges that the defendant unlawfully had in his possession on the —— day of April, 1923, another certain copper still, etc. The third count charges that the defendant on the —— day of April, 1923, unlawfully had in his possession certain fermenting tubs, to-wit, nine barrels, used and fit for use in the production of intoxicating liquors, etc. The fourth count was withdrawn. The defendant was tried and convicted on the three counts, and his punishment assessed on each count at a fine of $300 and imprisonment for thirty days in the county jail. Motions for new trial and in arrest were overruled and the defendant appealed.

On an affidavit of the prosecuting attorney, a warrant was issued by a justice of the peace on April 26,

1923, directed to the sheriff, reciting the affidavit, and commanding him to search a certain tract of land in Ralls County and the buildings and dwelling thereon occupied by the defendant, and, if any intoxicating liquor be found, or any still, doubler, worm, worm tub or fermenting tub be found thereon or thereabouts, that he apprehend and hold the same until legally disposed of. Under this warrant the sheriff, in the day time, went to the tract of land occupied by defendant and found thereon two copper stills, two worms, nine barrels containing about 450 gallons of mash, which by test contained 8.1 per cent of alcohol by volume. They were found in a gully, or hog wallow, partly hidden by brush and trees. A well-worn path led from this place to the defendant's house. There were wagon tracks from the defendant's barn to the place where the stills, barrels, etc., were found.

The information was filed May 28, 1923. The defendant filed a motion to quash the search warrant and suppress the evidence for the reason that the search and seizure were made without a lawful warrant and were violative of his constitutional rights against unreasonable searches and seizures, as provided by Section 11 of Article 2 of the Constitution. This was overruled on June 6, 1923, and the cause was continued to the next (the November) term of court. On November 7, 1923, the defendant moved to quash the information for the reason that it did not state facts sufficient to constitute an offense.

The information was not sworn to or verified, the oath thereto, not having been signed until the jury was impaneled and sworn to try the case. The **Oath to Information.** bill of exceptions recites that after the jury was sworn, the court permitted the prosecuting attorney to sign the affidavit to the information. No objection was made or exception saved to this action of the court, hence the matter is not here for consideration. The sufficiency of the information is not chal-

lcnged in the brief by appellant's learned counsel. It is in the language of the statute. It is not claimed that the information is multifarious. [See State v. Berry, 255 S. W. 337.]

I. It is insisted that the court erred in overruling the motion to quash the search warrant and to exclude at the trial the evidence obtained by the sheriff in the execution thereof. This motion was heard and overruled by the court at the May term. No

Search Warrant.

exception was saved at the time by a term bill, but the cause was continued until the succeeding term of court without leave to file a term bill. After the trial, appellant filed a bill of exceptions in which is set forth the motion to quash the search warrant and the evidence offered in support thereof. It has long been held that exceptions must be saved to the orders and rulings of the court by a term bill filed at or under leave granted at the term at which they were made, "and that such exceptions are not sufficiently saved by bill of exceptions filed under leave given at a subsequent term." [Kline Cloak & Suit Co. v. Morris, 293 Mo. 479, 240 S. W. 96, 99.]

II. At the trial, when the State offered to prove by the sheriff that he found the stills, worms and barrels of mash in the use and possession of the defendant and on his premises, as heretofore set out, the defendant objected on the grounds embodied in his motion

Evidence Illegally Obtained.

to quash the warrant. This objection was properly overruled; it was *res adjudicata.* He took no exception to the ruling of the court by bill filed at the term at which the ruling was made and he was precluded from having the same objections reconsidered at the trial at a subsequent term of court, and from having them reviewed on appeal. [City of St. Louis v. Querl Lbr. Co., 210 S. W. (Mo.) 21.]

We have held that when the evidence is offered and objection that it was obtained by illegal means is then

made for the first time, the court will determine only whether the evidence is relevant and competent and will not pause to determine the collateral question as to how the evidence was obtained. [State v. Owens, 259 S. W. (Mo.) 100, (4).]

III. It may not be inappropriate to say that the learned Assistant Attorney-General concedes that the search warrant was issued without authority and void, but he contends the search and seizure were not violative of our Bill of Rights.

Search and Seizure: Without Warrant.

The sheriff did not search the appellant's home or dwelling house. He discovered the stills and barrels of mash in a woodland belonging to the defendant and in his possession; they were hidden or concealed in the brush at a place one hundred fifty yards distant from the residence. The search and seizure in this instance were not unreasonable or violative of Section 11 of Article 2 of our Constitution, which reads in part: "That the people shall be secure in their persons, papers, homes and effects from unreasonable searches and seizures." In the circumstances of this case, the sheriff required no warrant. In Brent v. Commonwealth, 194 Ky. 504, 240 S. W. 45, 49, the court said:

"The right to immunity from unreasonable interference with security in person and property is unquestionable. The guaranties of Section 10 of our Constitution were intended to preserve that right. But the framers of that instrument were equally intent upon the proper administration of other governmental functions, among which is the efficacious enforcement of valid laws, to the end that order shall prevail. This aim of government is hardly less important than the preservation of personal liberty, for the latter is obviously dependent upon the maintenance of law and order. To give to the word 'possessions' the broad construction sought would often result in the imposition of conditions under which it would be impracticable effectively to en-

306 Mo.—32

force the criminal laws of the State. . . .    In our opinion these results could not be accomplished if Section 10 of the Constitution be construed as prohibiting the searching, without warrant, of a somewhat remote woodland, for an unlawful thing, with the consequent inhibition against the introduction of evidence procured in such a search.

"Constitutional provisions of this kind rest on the fundamental principle that every man's house is his castle and is inviolable.  And we repeat that we have been cited to no case in which such a provision has been held to grant immunity from search for, and seizure of, an illegal thing situated in a woodland remote from the residence of the owner.  The provision under consideration was incorporated into our first Constitution, when the State was sparsely settled and the inhabitants owned large tracts of unenclosed land.  This is more or less true of similar provisions in other constitutions.  The framers of those constitutions had inherited no practice or tradition that impelled them to safeguard vast tracts of land, but, profiting by the experience of their forefathers, they were desirous of preserving inviolate the person of every citizen and those possessions intimately associated with his person, his house, his papers, and his effects.  Hence, they incorporated into their organic laws, Federal and State, provisions designed to effectuate that purpose.  Looking to that origin and to the history of such provisions, and considering the word 'possessions' in its relationship to the other words with which it is to be construed, we cannot regard Section 10 of our Constitution as intended to apply to a state of facts such as is presented in this record."

IV.  The court fairly and clearly instructed the jury upon all questions of law arising in the case which were necessary for their information in giving their verdict.  The instructions are not criticized or called in question in the brief of appellant's learned counsel.  The defendant offered no

**Sufficient Evidence.**

evidence, but at the close of the case for the prosecution, offered a demurrer to the evidence, which, we think, the learned trial court properly overruled. The evidence clearly shows the defendant was in the unlawful possession of the stills and fermenting tubs and that they were used and fit for use in the production of intoxicating liquors.

The judgment is affirmed. *Railey, C.,* concurs.

PER CURIAM:—The foregoing opinion of HIGBEE, C., is adopted as the opinion of the court. All of the judges concur, except *Walker J.,* absent; *David E. Blair, P. J.,* in the result.