## STATE v. STANLEY SOBCZAK.

108 N. W. (2d) 310.

March 17, 1961—No. 38,093.

*Newton S. Friedman* and *Marshman S. Wattson,* for appellant.

*Walter F. Mondale,* Attorney General, *Harry E. Weinberg,* City Attorney, and *Harold J. Dahl,* Assistant City Attorney, for respondent.

KNUTSON, JUSTICE.

This is an appeal from a judgment of the municipal court of Duluth finding defendant guilty of drunkenness.

The facts may be briefly stated. On December 23, 1959, defendant arrived at his home shortly before 1:24 a. m. Following a quarrel, he struck his wife. Her daughter by a prior marriage, defendant's stepdaughter, interceded in behalf of her mother and knocked defendant to the floor. Wife and stepdaughter then ran next door and called the police. In answer to this call, four officers arrived at defendant's home. After talking to defendant's wife a short time, two of them went to the back door and two to the front door. At the request of defendant's wife, the officers entered the back door. Those who went to the front door entered when defendant opened the door in response to a knock. The police then placed defendant under arrest for drunkenness[1] and took him to the police station.

At the trial, defendant's wife and three of the officers who observed defendant testified that in their opinion he was drunk at the time he was placed under arrest. The court so found.

---

[1]See, Minn. St. 340.96.

The only assignment of error by defendant is that the court erred in not dismissing all charges against defendant and acquitting him of the charge. While this assignment of error probably is insufficient to raise anything, defendant does submit two questions for our determination, namely (1) that defendant was deprived of his rights in the refusal of the city police to permit him to call his attorney until 9 hours after his arrest and that, as a result, he was entitled to a dismissal of the charge; and (2) that the arrest of defendant for a misdemeanor without a warrant was unlawful.

With respect to the first question presented by defendant, it appears from the record that there is a dispute in the evidence. Defendant does not claim that he was denied the right to call an attorney but claims only that he was denied the right to use a telephone. The jailer in charge testified that he does not recall any request on the part of defendant to use the telephone but that they did have a rule in effect that they would not permit a person arrested for drunkenness to use a telephone for 6 hours after he was brought in.

While there can be no justification for refusal to permit defendant to call an attorney,[2] the record in this case does not show a denial of such request. At the best, there is a dispute as to what took place, which the trial court could resolve the same as any other question of fact.

With respect to the other contention, about all that need be said is that the crime of drunkenness is an offense that continues as long as the drunken condition exists. Where a police officer encounters a drunken person, he can be placed under arrest without a warrant as long as he remains drunk. Here, the crime was committed in the presence of the police officers, and under those circumstances no warrant was required for placing him under arrest.

Some argument is made regarding the fact that defendant was in his home and that the officers had no right to enter his home without a warrant. They entered at the invitation of defendant's wife. She had as much right to invite the officers into her home as he did to exclude them. We see little merit to this appeal.

Affirmed.

---

[2] City of St. Paul v. Webb, 256 Minn. 210, 97 N. W. (2d) 638.