STATE, Respondent v. MERRILL, Appellant

(152 N.W.2d 349)

(File No. 10356. Opinion filed July 21, 1967)

**John J. Simpson,** Winner, **James R. Zieser,** Tyndall, for defendant and appellant.

**Frank L. Farrar,** Atty. Gen., **Walter W. Andre,** Asst. Atty. Gen., Pierre, **Ernest W. Hertz,** State's Atty., Olivet, for plaintiff and respondent.

RENTTO, Judge.

Charles Halley Merrill, Jr. was charged with the crime of grand larceny involving the theft in April 1964 of a 5 section drag and one noble evener alleged to be the property of Allen Schoenfisch of Menno, South Dakota. After a two-day trial the jury on April 29, 1966 returned its verdict finding him guilty as charged. He was sentenced to a term of three years in the state penitentiary. From that judgment and sentence he appeals.

The principal errors assigned and argued are that the court erred in admitting in evidence testimony and a photograph concerning property seized in an unlawful search and seizure and in denying defendant's motion to suppress such evidence. The decision in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, made evidence obtained by an unconstitutional search and seizure inadmissible in a state court. This mandate of the U. S. Supreme Court we recognized and gave effect to in State v. McCreary, 82 S.D. 111, 142 N.W.2d 240.

The search warrant issued on April 12, 1965 on an affidavit of that date, made by a special agent for the Division of Criminal Investigation of our Attorney General's office, commanded the immediate search of the SE 1/4, Sec. 36, T. 36 N., R. 44 W. in Shannon County, South Dakota, belonging to C. H. Merrill for some described farm equipment which it stated had been stolen from one Bly Rous and from the Alliance Tractor & Implement Company of Alliance, Nebraska and which was then in the possession of said C. H. Merrill. It did not describe the property which the defendant was convicted of stealing.

On the quarter section in question were located the residence of the owner and also the residence of his son, the defendant, also known as C. H. Merrill and two bunkhouses and a trailer

occupied by the hired help. Defendant claims that because there were numerous residences located on the property and the warrant did not specify the residence which was to be searched it became a general warrant and as such was invalid. He also urges that it should have specified which C. H. Merrill, senior or junior, was the subject of the search. In the view that we take of this matter we do not reach these questions.

■ Our Constitution, Art. VI, Sec. 11 declares that "The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures shall not be violated * * *". This is also the language of the Fourth Amendment to the Constitution of the United States. Because of these provisions a private residence and the curtilage thereof may not be searched by an officer without a valid search warrant, unless it is incidental to a lawful arrest of the occupant or with his consent. State v. McCreary, supra; 79 C.J.S. Searches and Seizures §§ 13 and 66; Underhill Criminal Evidence, 5th Ed., § 411.

■ A precise definition of the term curtilage is not easily formulated. See Words & Phrases, Permanent Ed., Vol. 10. Nor do we think it necessary or advisable that such be done in this case. In U. S. v. Minker, 3 Cir., 312 F.2d 632, it is written:

> "Whether a given area is within the protected curtilage of one's dwelling depends upon a number of factors, including its proximity to the dwelling, whether it is within the enclosure surrounding the dwelling, and its use as an adjunct to the domestic economy of the family. Care v. United States, 231 F.2d 22 (C.A.10), cert. denied, 351 U.S. 932, 76 S.Ct. 788, 100 L.Ed. 1461 (1956). Of course, factors of paramount importance in considering a Fourth Amendment claim are the nature of the individual's interest in and the extent of the claimed privacy of the premises searched. Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960)."

While the curtilage is immune from unreasonable searches and seizures one's lands not contained therein are not so protected.

47 Am.Jur., Searches and Seizures, § 17; People v. Ring, 267 Mich. 657, 255 N.W. 373, 93 A.L.R. 993; People v. Reed, 210 Cal. App.2d 80, 26 Cal.Rptr. 428; People v. Shields, 232 Cal.App.2d 716, 43 Cal.Rptr. 188. These cases cite many authorities to this effect, but all place their main reliance on Hester v. United States, 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898.

In this case there is no contention made that the search complained of was incidental to a lawful arrest or with the consent of the occupant. The question which we must first decide is whether the area entered by the officers and where they found the drag, which the defendant was charged with stealing, was within the constitutional protection against unreasonable searches and seizures. If it was not in such an area then the validity of the warrant which they held becomes immaterial. State v. Zugras, 306 Mo. 492, 267 S.W. 804; Greenwood v. State, 110 Tex.Cr.R. 478, 9 S.W.2d 352.

■■ The evidence indicates without dispute that the officers armed with the search warrant and accompanied by the owner of the drag on April 12, 1965, in the daytime, went on to the quarter section described in the warrant, but did not enter any of the buildings thereon. They found the drag in the open, in a yard amongst some other machinery. It was described as being east and north of the main house, the father's residence. The record is silent as to where it was located in reference to the defendant's residence. Accordingly, it is fair to conclude that if it were within a curtilage it was within the one in connection with the residence occupied by Mr. Merrill, Sr. Such being the case it does not give support to the defendant's claim because he may not complain of the search of another's premises. 79 C.J.S. Searches and Seizures § 52; 22A C.J.S. Criminal Law § 657(9). The immunity to unreasonable searches and seizures is a privilege personal to the one whose rights have been infringed. In our view the drag was legally seized and evidence concerning it was properly admitted in evidence.

■ In opposition to the defendant's motion to suppress the state claims that it was ineffective because it was not timely made. The rule generally is that the objection to evidence ob-

tained by unlawful search and seizure must be made by a pretrial motion. 29 Am.Jur.2d, Evidence, § 426; 50 A.L.R.2d 583. That seems to be the view of our cases. See State v. Poppenga, 76 S.D. 592, 83 N.W.2d 518 and cases cited therein. The reason giving rise to this practice is that the trial court should not be required to stop during the course of a trial to determine a collateral issue as to the legality of a search and seizure. Failure to make such preliminary motion is deemed a waiver of the objection. Wharton's Criminal Evidence, 12th Ed., (Anderson) § 701. The burden is on the one making the motion to establish that the evidence was illegally seized. Ludwig v. State, 97 Okl.Cr. 100, 259 P.2d 322; State of Hawaii v. Pokini, 45 Hawaii 295, 367 P.2d 499; 89 A.L.R.2d 1421. In the Federal courts a pretrial procedure for this purpose is provided in Rule 41(e), Rules of Criminal Procedure.

■ As noted above the drag was seized by the officers on April 12, 1965. Manifestly, the defendant had notice of its seizure shortly thereafter. His preliminary hearing was held on April 13, 1966 at which he was represented by counsel of his own choosing. On that date the committing magistrate bound him over to the next term of circuit court for trial and permitted him to remain at liberty under a continuing bond which had been previously furnished on April 22, 1965. At his trial which began on April 28, 1966, he was represented by his former lawyer and another counsel whom he had engaged. However, defendant did not make his motion to suppress the seized evidence until after the jury had been selected and sworn. This was denied by the court. Nor did he show any good reason justifying his failure to make such motion before trial. Accordingly, we hold that it was not timely made. Furthermore, the evidence which he submitted in support of his motion did not establish that it had been seized in an unlawful search.

We have examined the other errors assigned and argued, but fail to find in them any prejudicial error.

Affirmed.

All the Judges concur.