STATE, Respondent v. LEWIS, Appellant

(201 N. W. 2d 397)

(File No. 11024. Opinion filed October 20, 1972)

**Thomas R. Vickerman,** Asst. Atty. Gen., Pierre, for plaintiff and respondent; **Gordon Mydland,** Atty. Gen., Pierre, on brief.

**William J. Rieb,** Rapid City, for defendant and appellant.

DOYLE, Judge.

The defendant was charged with and found guilty of grand larceny by a jury in the Circuit Court of Pennington County, South Dakota. He appeals from the judgment and sentence in the state penitentiary thereon.

In the course of investigating the larceny of a pickup truck, the investigating officers determined the thief wore boots with a distinctive print. The stolen pickup was later found abandoned and the officers followed the distinctive boot prints in fresh snow to the rear door of defendant's mother's dwelling house. The officers were admitted into the home by defendant's mother where they found defendant asleep in a basement bedroom with the boots on the floor next to the bed. The defendant was awakened, and advised of his statutory and constitutional rights by the officers. He then acknowledged the boots to be his. Defendant was then arrested and taken to jail. Sometime later the same officers were advised that a radio was missing from the stolen pickup. The officers and the defendant returned to the dwelling house for the purpose of a further search with the consent of the defendant. They were again admitted by defendant's mother, whereupon defendant produced the radio without the necessity of a search.

The defendant now contends and assigns as error that the trial court failed, upon proper motion, to suppress as evidence in the trial the boots and radio because the same were seized with-

out warrant in violation of his rights under Amendment IV of the United States Constitution and Art. VI, § 11 of the South Dakota Constitution.

██ ██ Defendant contends that the initial entry into the dwelling house with the consent of and at the invitation of his mother was illegal in the absence of a proper search warrant. Here the officers had reasonable cause, as required by SDCL 23-22-7(2) (3), to arrest the defendant under the circumstances shown. A search may be made without a search warrant as an incident to a lawful arrest. State v. Merrill, 82 S.D. 609, 152 N.W.2d 349. In this case the defendant does not contend the illegality of his arrest. We do not agree with defendant's contention that Stoner v. California, 376 U.S. 483, 84 S.Ct. 889, 11 L.Ed.2d 856, which held that a desk clerk could not consent to the search of a rented hotel room, is here applicable. In this case the defendant's mother's control over the dwelling was apparently absolute. An emancipated child (defendant was 22 years old) does not have the same constitutional right of privacy in the family home as he may have in a rented hotel room. State v. Kinderman, 271 Minn. 405, 136 N.W.2d 577, cert. den. 384 U.S. 909, 86 S.Ct. 1349, 16 L.Ed.2d 361.

██ Defendant's further contention that the search in connection with the radio was in violation of his constitutional right is equally without merit. It clearly appears from the record that the search was conducted with the consent and acquiescence of both defendant and his mother. A search without a search warrant is valid if made with the consent of the occupant. State v. Merrill, supra.

Affirmed.

HANSON, P. J., and BIEGELMEIER and WINANS, JJ., concur.

WOLLMAN, J., concurs specially.

WOLLMAN, Judge (concurring specially).

I agree that the police lawfully seized defendant's boots as an incident to the lawful arrest of defendant without a warrant. See Warden, Maryland Penitentiary v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782; Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.E.2d 1067; Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685; Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564. In view of this holding, it is unnecessary to decide whether the consent given by defendant's mother to enter defendant's room would have supported the seizure.

I agree that defendant gave the police valid consent to enter his room on the second visit to the Lewis residence.