STATE of South Dakota, Plaintiff and Appellee,

v.

Gary D. CARLSON, Defendant and Appellant.

No. 12986.

Supreme Court of South Dakota.

Considered on Briefs Sept. 10, 1980.

Decided May 6, 1981.

Margaret Crew, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

T. R. Pardy, Mumford, Protsch, Sage & Pardy, Howard, for defendant and appellant.

PER CURIAM.

Appellant was charged with aggravated assault and resisting arrest. He was convicted of simple assault and resisting arrest. We reverse and remand for new trial.

On December 23, 1978, appellant's mother called the Mitchell police station and asked the police to go to her home and talk to appellant. Two policemen went to the Carlson home; appellant answered the door. The policemen testified that they entered the house after appellant opened the door and stepped aside. Appellant testified that the policemen pushed their way into the house after he told them that he would talk to them "right where they were at."

An altercation broke out as the policemen entered the house. According to the policemen, appellant poked and shoved one of them, causing the officer to fall. Both policemen attempted to restrain appellant, who had started to kick and hit. Appellant was told that he was under arrest; the struggle continued and appellant's arm was broken while the policemen attempted to handcuff him.

Appellant's testimony on direct examination was limited to his version of the events of December 23, 1978. Appellant offered no evidence of his credibility, veracity, past conduct, or nondisposition to commit an assault. He did assert the defense of self-defense. During a chambers conference, the State's motion to cross-examine appellant about his two prior assault convictions was granted for the purpose of allowing the State to rebut appellant's claim of self-defense. The trial court permitted the following cross-examination:

Q (By MR. SAUKERSON:) Mr. Carlson, have you ever been convicted of an assault before?

A Yes, I have.

MR. PARDY: I object for the reasons stated in Chambers.

THE COURT: Overruled.

Q (By MR. SAUKERSON:) On how many occasions?

A Twice.

MR. SAUKERSON: I have no further questions.

THE COURT: You may cross, or re-direct.

MR. PARDY: No questions.

Appellant argues, and the State concedes that the evidence of appellant's two prior misdemeanor simple assault convictions is not admissible under SDCL 19–14–12.[1] See *State v. Bacon*, 286 N.W.2d 331 (S.D.1979). The State argues, however, that the cross-examination of appellant about the misdemeanor convictions was proper under SDCL 19–12–5 because appellant placed his intent at issue by contending that his actions were done in self-defense.[2]

During the in-chambers conference, the State summarized its reasons for urging the introduction of the prior conviction evidence:

MR. SAUKERSON: I'm not sure how I phrased this when we first started, but the offer of proof that I made was directed number one at the impeaching the credibility of the witness and number two, as evidence based on the defense of self-defense of the aggressive and violent character of the Defendant and in re-butting his assertion that he was simply defending himself.

And I think that the offer of proof that I made concerning the previous convictions for assault and previous incident on June of 1977 are relevant and admissible on those grounds.

The trial court allowed the introduction for the following reasons:

1. SDCL 19–14–12 provides:

   For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted but only if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to a party or the accused and the crime

   (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, or

THE COURT: . . .

Number three, when we get into the area of the character of the Defendant for aggressiveness due to the raising of the self-defense issue, you may go into the issue of the witness as to the—whether he has knowledge of his character, reputation within the community for being a fighter and you may go into whether the Defendant has been convicted of an assault.

The Court will not allow the specifics of any one conviction or the specifics of—in other words, what specifically the reputation is based upon as far as specifically instances in the past. We are not tying (sic) any of those.

The State has cited us to no authority that would support the admission of the testimony regarding the two prior assault convictions for the purpose for which it was offered. We think that what the Supreme Court of Wyoming said in a somewhat similar case is apposite here:

It is conceded that where the defendant first introduces evidence of his character, the prosecution may then explore the matters raised by the accused, both on cross-examination of the accused's witnesses to test their views and basis for their testimony, and on rebuttal. In this case, the question is—did the accused open up the issue of his character by introducing evidence to the effect that he had acted in self-defense? The State argues this point without citing any authority whatever. In addition, we can find none and, therefore, must assume that authority does not exist for this proposition, or, if there is authority, it is not

   (2) involved dishonesty or false statement, regardless of the punishment.

2. SDCL 19–12–5 provides:

   Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

supportive of the point urged by the State.

*Kwallek v. State*, 596 P.2d 1372, 1378–79 (Wyo.1979) (footnote omitted).[3]

 Under the facts of this case we conclude that it was prejudicial error to allow the prosecution to cross-examine appellant about the prior assault convictions.

Appellant argues that the warrantless arrest in his home was illegal because the policemen had no authority to enter the home. The officers, however, were legitimately on the premises at the request of appellant's mother, see *State v. Lewis*, 86 S.D. 763, 201 N.W.2d 397 (1972), *State v. Sobczak*, 259 Minn. 518, 108 N.W.2d 310 (1961), and had the authority to arrest pursuant to SDCL 23–22–7(1).[4]

The judgment of conviction is reversed, and the case is remanded to the circuit court for new trial.

---

**3.** See SDCL 19–12–4:

Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except:

(1) Evidence of a pertinent trait of his character offered by an accused, or by the prosecution to rebut the same[.]

