## STATE v. VIERCK.

A crime may be proved by circumstantial evidence.

In a prosecution for burglary, circumstantial evidence held sufficient to take the case to the jury.

In a prosecution for burglary, the recent possession of stolen property is a circumstance which should be left to the jury with instructions to give it such weight as they think it entitled in connection with all the other evidence.

In a prosecution for burglary, a requested instruction that the recent possession of stolen property does not raise a presumption of law that defendant is guilty of the crime of breaking as charged in the information, or shift the burden of proof on defendant to satisfactorily explain his possession of the property, was properly refused.

Under Rev. Pen. Code, § 566, subd 2, providing that every person who breaks or enters any building, etc., with intent to steal, is guilty of burglary, an entering alone is sufficient to constitute the crime.

A "breaking," to constitute burglary, may consist in anything by which any obstruction to entering the building by the body is removed. So, if a person unlocks or unlatches a door and walks in, or if a door has no latch or lock on it and the door is pushed open and a person goes in, that is a sufficient breaking in the law.

Rev. Pen. Code, § 566, subd. 2, defines "burglary," and section 571 provides that any person who enters any building, etc., under circumstances not amounting to burglary, with intent to commit a felony, etc., shall be guilty of a misdemeanor. Held, that the offense described by section 571 was not one of the degrees of the crime of burglary, but constituted a separate offense.

Rev. Code Cr. Proc. § 357, providing that when it appears that a defendant has committed a public offense, and there is a reasonable ground of doubt in which of two or more degrees he is guilty, he can be convicted of the lower of such degrees only, has no application to a distinct offense, though such offense may be included in a greater offense charged.

A defendant cannot, in the absence of a request, complain of a failure to instruct the jury that Rev. Code Cr. Proc. § 409, authorizes the jury to find defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged or of an attempt to commit the offense.

(Opinion filed, May 5, 1909.)

Appeal from Circuit Court, Brule County. Hon. FRANK B. SMITH, Judge.

H. J. Vierck was convicted of burglary, and appeals. Affirmed.

*George G. Yeaman,* for appellant.

The possession of stolen goods by the defendant and the evidence of tracks going in the direction of the defendant's home and

the fact that the defendant had been around the store on the evening before the burglary, was not enough to sustain a conviction for burglary. State v. Tilton, 24 Ia. 117; State v. Sheffer, 59 Ia., 290; Jones v. State, 6 Parker, 125; Whart. Crim. Ev., Sec. 763; Ingall v. State, 48 Wis. 647; Stewart v. People, 3 N. W. 863; Bishop's Criminal Proc., Sec. 747, note 3; State v. Rivers, 68 Ia. 611; State v. Frakl, 73 Ia. 355; State v. Brady, 97 N. W. 62. There must be some clear proof of breaking and entering and before anyone is convicted of burglary there must be sufficient evidence to prove that the doors and windows were closed. 5 Am. Enc. 67; Reid v. State, 68 Ala. 539; Washington v. State, 21 Fla. 328; State v. Groaning, 33 Kan. 18. There must be some actual breaking proven beyond a reasonable doubt. People v. McCord, 42 N. W. 1106; State v. Wilson, First N. Y.; Hamilton v. State, II. Tex. App. 116; Ross v. State, 16 Tex. App. 534; Fisher v. State, 93 Ga. 309; Kelly v. State, 82 Ga. 441; People v. Conniff, 2d Prk. Cr. R. (N. Y.) 586; Jones v. State, 25 Tex. App. 226. The recent possession of stolen goods is not evidence connecting the defendant with the burglary unless the jury find that the burglary and larceny were committed at the same time and by the same person, and that an instruction in a prosecution for burglary that defendant was in possession of recently stolen goods raises a presumption of guilt unless he shows that it was obtained honestly and fairly is erroneous. State v. Brady, 97 N. W. 62; People v. Gordon, 40 Mich. 716; Knickerbocker v. People, 43 N. Y. 117.

*S. W. Clark, Atty. Gen., Cloyd D. Sterling, Asst. Atty. Gen.,* and *J. E. House, State's Atty.,* for the State.

A motion to discharge the accused because of insufficiency of evidence is not proper in the absence of statute. The accused has a right to go to the jury and be acquitted if the evidence is insufficient. Boykin v. State, 40 Fla. 484, 20 So. 141. If at any time after the evidence of either side is closed, the court deem it insufficient to warrant a conviction, it may advise the jury to acquit the defendant. But the jury are not bound by the advice, nor can the court, for any cause, prevent the jury from giving a verdict. Code Crim. Proc. Sec. 376; 12 Cyc. 695. There is a sufficient breaking at common law, and a forcible breaking within the mean-

ing of a statute, when a person enters a house by unlocking or unlatching a door, or even by pushing open a door which is shut, but neither locked nor latched, or a window, transom or trap door which is entirely closed, although not fastened, but held in place by its weight only, or by pulley weights, or in many other cases where a very slight degree of force is used. 6 Cyc. 174-5; Lyons v. People, 68 Ill. 280; State v. Connors, 64 N. W. 295; State v. Reid, 20 Iowa 413. An instruction must be considered as an entirety. And if it presents the law fairly and correctly to the jury, in a manner calculated not to mislead them, it will afford no ground for reversing the judgment, although some of its expressions, if standing alone, might be regarded as erroneous. First Natl. Bank v. Minneapolis & N. Elevator Co., 91 N. W. 436; McCormack v. Phillips, 4 Dak. 506; State v. Brennan, 2 S. D. 384. The court did not say and his words do not imply that the possession of recently stolen goods raises a presumption of guilt unless it is shown that they were obtained honestly and fairly.

SMITH, J. The defendant was convicted of the crime of burglary in the third degree, in breaking and entering in the nighttime a certain saloon building occupied by one Frank Simons, with intent to steal the goods, chattels, and property of the said Frank Simons then and there being. Defendant brings the case to this court for review upon alleged errors occurring at the trial. There are 28 assignments of error, but these are grouped and discussed by defendant's counsel under four heads and may be considered by the court in the same order.

It is contended, first, that the court erred in overruling a motion to direct a verdict for defendant at the close of the state's evidence. The specific assignment is that "there is an entire lack of evidence showing any breaking or entering, which is the gist of the action." Briefly stated, the evidence at the trial disclosed: That the building was used as a saloon, of which one Frank Simons was the proprietor. That a short time before the alleged burglary the owner of the adjoining premises, in making repairs, had removed a portion of his building, leaving exposed part of the basement of the saloon building. Through this basement an opening had been made large enough for a man to pass through into

the cellar under the saloon. The accused assisted in doing the repair work, was familiar with the premises, had sometimes tended bar in the saloon, and was seen in the saloon as late as 11 o'clock the night the burglary was committed. About two weeks previously a considerable portion of the floor of the cellar under the saloon had been spread with air-slacked lime, covering the space between the hole in the basement and the stairway leading up into the saloon. The door at the head of this stairway was always kept closed, and, some of the witnesses say, was always locked and was not used for any purpose. At the close of business the evening of November 22d, the night of the burglary, the saloon was locked up as usual. Simons, the proprietor, opened up the saloon about 5 o'clock the next morning, and on going to the cash drawer discovered that a money sack left in the drawer the night before was gone. On the trial he testified that as near as he could remember this sack contained about $40.75, consisting of two $5 gold pieces, one $10 gold piece, a $10 bill, and some silver. On discovering the loss of this money, Simons immediately notified Mr. Healy, the sheriff, informing him that he suspected the accused. The sheriff got the defendant and brought him down to the saloon about 7 o'clock that morning, and there searched him in the presence of Simons and others. Bills and silver were found on his person to the amount of $39.75, and also a gold watch concealed in one of his socks. About an hour later he was again searched by the sheriff at the jail and two $5 and one $10 gold piece was found concealed inside the lining of his vest. About 9 o'clock the same morning the sheriff examined the saloon premises and noticed what appeared to be some tracks going in and coming out of the hole in the basement. Lime was found on the cellar stairs and on the floor behind the bar. The door at the head of the cellar stairs had been disturbed and was unlocked when first discovered in the morning. On the trial the gold watch found in defendant's possession was fully identified as one which had been kept in one of the drawers behind the bar in the saloon. Several witnesses testified to having noticed lime on defendant's shoes at the time he was searched in the morning.

The evidence as to the breaking and entering was therefore

wholly circumstantial. That a crime may be proved by circumstantial evidence is too well settled to require a citation of authority. The circumstances proved in this case point very strongly to the guilt of the accused, and, if such evidence has been submitted to the jury under proper instructions, this court would not be justified in disturbing the verdict of guilty. The court instructed the jury fully and correctly as to the law of circumstantial evidence, but one part of the charge, relating to the recent possession by accused of property alleged to have been taken from the building at the time of the burglary, was excepted to, and is assigned as error. This part of the instruction is as follows: "Upon the question of whether or not the defendant was the person who broke and entered the building, that is a question which the jury will have to determine for themselves from all the evidence upon the trial. However, I might say to you regarding the possession of the property which is alleged to have been stolen at the time of the burglary, that when the fact that a burglary has been committed has been shown, and that property has been stolen, and the question is whether or not the defendant committed, or aided, or abetted in committing the burglary, his possession of the stolen goods at a time recently after the burglary is a circumstance for you to consider and weigh in connection with all of the other evidence in determining the guilt or innocence of the defendant. It is a circumstance tending to show the guilt of the defendant, unless the facts and circumstances proven upon the trial show that he may have come into possession of it honestly. The possession of the property, if any, and all of the other facts and circumstances as shown by the evidence, may be taken into consideration by you in determining the one fact whether or not, if you find that the building was broken and entered into, it was the defendant who did it."

We are inclined to the view that the recent possession of stolen property whether in larceny or in burglary, and whether such possession be "explained" or "unexplained," is a circumstance—an evidentiary fact—which may have a greater or lesser weight as proof of guilt, when considered with, and strengthened or weakened by, all the other evidence in the case. If the evidence tends

to show the possession to be an honest one, the probative force of the fact of recent possession may be greatly modified or entirely destroyed. If wholly unexplained, it may carry a conviction of guilt to the minds of the jury; but, whether explained or unexplained, it is competent and relevant evidence upon the issue of guilt or innocence. The courts in many states, as in Iowa, have undertaken by instructions to tell the jury what effect such evidence should have upon their minds. These courts have held that an instruction is not reversible error which tells the jury, in effect, that possession unexplained creates a presumption of guilt which will warrant a conviction. The propriety of such an instruction may well be doubted. In the case of State v. Brady, 121 Iowa, 561, 97 N. W. 62, 12 L. R. A. (N. S.) 199, such an instruction was held not error, but the court says: "We think the language unhappily chosen. The law does not attach 'a presumption of guilt' to any given circumstance, nor does it require the accused to overcome the presumption thereby raised." We think the true rule is that recent possession of the stolen property, either in larceny or in burglary, is a circumstance which should be left to the jury, with instructions to give it such weight as they think it entitled to, when considered in connection with all the other evidence, in determining the guilt or innocence of the accused. We think the instruction by the trial court is in accordance with the view here expressed and states the law correctly.

In this connection the following instruction was asked by defendant's counsel and refused and an exception taken. This ruling is assigned as error: "You are further instructed that even if you should find from the evidence that the defendant had in his possession property that had been taken from the building, as was described in the information, a short time after it was taken, that fact does not raise a presumption of law that the defendant is guilty of the crime of breaking as charged in the information, nor does it shift the burden of proof upon the defendant to satisfactorily explain his possession of the property." In support of his contention that the refusal of this request was error, counsel cites State v. Brady, 121 Iowa, 561, 97 N. W. 62, 12 L. R. A. (N. S.) 199, the same case herinbefore referred to. An examination of

that case will show it to be an authority directly opposed to the instruction requested. The trial court in this case did not instruct the jury that the recent unexplained possesion of the property stolen in a burglary raised a presumption of guilt; nor that such evidence would shift the burden of proof upon the defendant to satisfactorily explain his possession of the property. The case cited seems to hold, however, that such instruction would not constitute reversible error. The refusal of this request was not error.

As to what would constitute a "breaking," under the law defining burglary, the court instructed the jury as follows: "While in law there must be a breaking and an entry with intent to steal, yet the breaking may consist in unlatching a door and opening it, or unlocking a door and opening it, or in opening a door which is shut but is neither locked nor latched. In fact, anything by which any obstruction to entering the building by the body is re moved is a 'breaking' within the meaning of the law. So if a person unlocks or unlatches a door and walks in, or if a door has no latch or lock on it, and the door is pushed open and a person goes in, that is a sufficient breaking in the law." The giving of this instruction is assigned as error. The information in this case is drawn under the provisions of subdivision 2 of section 566 of the Revised Penal Code which reads as follows: "Every person who breaks or enters, in the day or in the night time, either: * * * (2) Any building, or any part of any building, booth, tent, railroad car, vessel, or other structure or erection in which any property is kept, with intent to steal therein or to commit any felony, is guilty of burglary in the third degree." It will be observed that this section does not require a "breaking," but "entering" alone is sufficient to constitute the crime, and, though the information charges both breaking and entering, the crime would be complete whether the entry was accomplished by means of force or without it. The contention is that an actual forcible breaking and entering must be read into this section. The statute seems to us too plain to require a discussion of this proposition, and, even if an actual breaking were necessary to constitute the crime charged, the instruction of the court as to what constitutes a breaking states the

law correctly, and the giving of it to the jury was quite favorable to the defendant.

The next assignment of error is "that the court erred in its failure to instruct the jury as to included offenses." Section 409 of the Revised Code of Criminal Procedure reads as follows: "The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment or information, or of an attempt to commit the offense." It is claimed that the crime defined by section 571 of the Revised Penal Code, contained in the same chapter which defines burglary, is necessarily included in the information in this case. That section reads: "Every person who, under circumstances not amounting to burglary, enters any building or part of any building, both, tent, warehouse, railroad car, vessel, or other structure or erection, with intent to commit any felony, larceny or malicious mischief is guilty of a misdemeanor." It may be conceded that the offense defined by this section is necessarily included in that which is charged in the information. No request for an instruction to the jury that the accused might be convicted of this lesser offense was presented to the trial court, nor was any such instruction given in the general charge of the court. The included offense defined by section 571 is not one of the degrees of the crime of burglary, but is an entirely independent crime, and for that reason section 357 of the Revised Code of Criminal Procedure has no application.

The court was not required to instruct the jury that they might convict the accused of this lesser offense. This is expressly decided by this court in State v. Kapelino, 20 S. D. 591; 107 N. W. 336. In that case the court goes further and holds that the trial court is not required to charge the jury, even upon request, as to an offense which might be included, but which the evidence would not warrant. In the case of State v. Horn, 21 S. D. 237, 111 N. W. 552, decided by this court, the accused was charged with the crime of shooting at another with intent to kill. No request was made for an instruction, but error was assigned because the trial court did not charge as to the lesser offense of assault. The court says: "While in this case a simple assault is necessarily included in the offense

with which the accused was charged, and the jury might have returned a verdict therefor, no instruction with reference therto was requested, and so the error complained of was not available." This rule requiring a request by the accused for an instruction submitting to the jury the question of guilt or innocence of an included offense gives the accused the option to take his chance of a clear acquittal of the higher offense, rather than a possible conviction of the lesser included offense through a compromise verdict. This rule cannot prejudice the accused, because it gives him the right, by a proper request, to have the lesser offense considered by the jury if he thinks it may reduce his chance of a conviction of the higher offense. It is therefore quite favorable to the accused.

We find no error in the record of the trial court.

The judgment is therefore affirmed.