STATE, Respondent, v. KLINGLER, Appellant.

(215 N. W. 531.)

(File No. 6288.   Opinion filed October 11, 1927.)

**Indictment and Information—Three Counts Charging Possession and Transportation of Intoxicating Liquor, and Driving While Intoxicated, Held Improperly Joined in One Information (Rev. Code 1919, § 8657, as Amended by Laws 1925, c. 227, § 10303, as Amended by Laws 1925, c. 204, and § 10299; Laws 1925, c. 197).**

Under Laws 1925, c. 197, information in three counts charging, in the first, possession of intoxicating liquor under Rev. Code 1919, § 10299; in the second, transportation of intoxicating liquor under section 10303, as amended by Laws 1925, c. 204; and, in the third, driving while intoxicated under section 8657, as amended by Laws 1925, c. 227—held defective as improperly joining more than one offense; there being no unity in the acts complained of between counts 1 and 3 or counts 2 and 3, though counts 1 and 2 were properly joined.

---

Note.—See, Headnote (1), American Key-Numbered Digest, Indictments and informations, Key-No. 129(1), 31 C. J. Sec. 350.

As to effect of charging two or more separate offenses in same indictment for violation of intoxicating liquor law, see 15 R. C. L. 390; 5 R. C. L. Supp. 837.

Appeal from Circuit Court, Meade County; HON. JOHN F. HUGHES, Judge.

Bart Klingler was convicted of possessing intoxicating liquor, transporting intoxicating liquor, and operating a motor vehicle while intoxicated, and he appeals. Reversed and remanded.

*Harry P. Atwater,* of Sturgis, and *Bangs & Rudesill,* of Rapid City, for Appellant.

*Buell F. Jones,* Attorney General, and *Bernard A. Brown,* Assistant Attorney General, for the State..

GATES, J. Defendant appeals from conviction and sentence upon each of three counts of the information hereinafter recited and from an order denying new trial. Under the first count he was adjudged to be imprisoned in the county jail for 30 days and to pay a fine of $250. Under the second count he was sentenced to a like imprisonment and to pay a like fine. Under the third count he was sentenced to six months in the county jail and to pay a fine of $200, the jail sentences to run concurrently. The information was as follows:

"Information for unlawful possession of intoxicating liquor, unlawful transportation of intoxicating liquor, and operating a motor vehicle upon a public highway while intoxicated.

"The state's attorney within and for the county of Meade within the Eighth judicial circuit of the state of South Dakota, as informant, in the name and by the authority of the state of South Dakota, upon his oath presents and charges:

"That Bart Klingler, on or about the 14th day of March, 1926, within the county of Meade and the jurisdiction of this court, did commit the crime of unlawful possession of intoxicating liquor, unlawful transportation of intoxicating liquor, and operating a motor vehicle while intoxicated, as follows:

Count 1. That the said Bart Klingler did, on the day and date aforesaid, within the county of Meade and the jurisdiction of this court, willfully and unlawfully have and keep in his possession a certain quantity of intoxicating liquor capable of being used as a beverage, with intent to evade the provisions of the Prohibitory Law of the Revised Code of 1919 of the State of South Dakota.

Count 2. That the said Bart Klingler did, upon the day and date aforesaid, while within the county of Meade and the juris-

diction of this court, willfully and unlawfully transport a certain quantity of intoxicating liquor capable of being used as a beverage, in a certain vehicle, to wit, a certain automobile, along a public highway commonly know as the Custer Battlefield Highway, at a certain point upon said highway about two miles south of Tilford, S. D., with intent to evade the provisions of the Prohibitory Law of the Revised Code of 1919 of the State of South Dakota.

Count 3. That the said Bart Klingler did, upon the day and date aforesaid, within the county of Meade and the jurisdiction of this court, willfully and unlawfully operate and attempt to operate a motor vehicle, to wit, an automobile, upon a public highway commonly known as the Custer Battlefield Highway, the said Bart Klingler being at the time in an intoxicated condition, with intent to violate and evade the provisions of chapter 227 of the 1919 Session Laws of the State of South Dakota.

"Contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of South Dakota."

Among other grounds, defendant unsuccessfully demurred to the information for that it charged more than one crime and likewise unsuccessfully moved an arrest of judgment for the same reason.

The offense of possession of intoxicating liquor with intent to evade the intoxicating liquor law arose under section 10299, Rev. Code 1919. The offense of transporting intoxicating liquor arose under section 10303 of said Code as amended by chapter 204, Laws 1925. The offense of driving a motor vehicle while intoxicated arose under section 8657 of said Code as amended by chapter 227, Laws 1925. Thus it is clear that three offenses were charged in the information.

Until the year 1925, it was the rule of this jurisdiction since territorial times that one offense only could be charged in an indictment or information. By chapter 197, Laws 1925, we adopted the New York procedure set forth in section 278 and 279 of the Code of Criminal procedure of that state, viz:

"The indictment or information must charge but one crime and in one form except that the crime may be charged in separate counts in the same indictment or information to have been committed in a different manner or by different means; and where the

acts complained of may constitute different crimes, such crimes may be charged in separate counts in the same indictment or information."

It will thus be seen that thereafter and until the adoption of chapter 143, Laws 1927, we still had the rule that one offense only could be charged except where the "acts complained of" might constitute different crimes. The gist of the first and second counts are violations of the intoxicating liquor law. The gist of the third count is a violation of the law of the road.

Assuming, without deciding, that there might be such a unity between counts 1 and 2 as would entitle them to be joined, and assuming, under the liberal rule of pleading announced in People v. Williams, 243 N. Y. 162, 153 N. E. 35, and People v. Cucchiara, 209 App. Div. 326, 204 N. Y. S. 581, that they have been properly connected as relating to the same transaction, yet we are utterly unable to find justification for the joining of count 3 with either count 1 or 2. There is no sort of unity in the "acts complained of." In this case the evidence showed that within a half mile while driving from Tilford to Sturgis defendant's auto scraped the fender of a car going in the same direction, crowded a second car going in the opposite direction into the ditch, and collided head on with a third. Suppose in the last collision defendant had killed an occupant of the car, could it be successfully claimed that a count for manslaughter could properly be joined in the same information with a count for having intoxicating liquor in possession? We do not think so under the 1925 statute.

For the reason that count 3 was improperly joined in the same information with counts 1 and 2, even though counts 1 and 2 were properly joined, the trial court should have sustained the demurrer to the information and should have granted the motion in arrest of judgment.

The judgment and order appealed from are reversed, and the cause is remanded for further proceedings in accordance with law.

CAMPBELL, P. J., and SHERWOOD, J., concur.
POLLEY and BURCH, JJ., not sitting.