STATE, Respondent v. BARBER, Appellant

(158 N.W.2d 870)

(File No. 10470. Opinion filed May 13, 1968)

**Robert A. Warder,** Rapid City, for defendant and appellant.

**Frank L. Farrar,** Atty. Gen., **Thomas R. Vickerman,** Asst. Atty. Gen., Pierre, for plaintiff and respondent.

HOMEYER, Judge.

Defendant, Billy Gene Barber, appeals his conviction of the crime of rape in the second degree.

The information charged that on or about March 22, 1967, he wilfully, unlawfully and feloniously accomplished "an act of sexual intercourse with a female named Davine Shangreaux, she not being the wife of the defendant, she being· under the age of 18 years, to wit: 15 years of age, and she being prevented from resisting said act by threats of immediate and· great bodily harm accompanied by an apparent power of execution in violation of SDC 13.2801, * * *" The charge appears to have been drawn under subdivisions (1) and (4) of the quoted statute

both of which constitute only second degree rape. SDC 13.2801, 13.2803; State v. Thompson, 71 S.D. 319, 24 N.W.2d 10. If the victim was under eighteen years of age allegations and proof under subdivision 4 were surplusage and not essential to the charge. They could only be essential if the alleged victim was over the age of eighteen years.

■ ■ Appellant assigns error because he says the proof did not conform to the allegations of the information. There is no merit in this contention. The mother of Davine Shangreaux fixed the victim's age at thirteen years and she was a competent witness for that purpose. State v. Hemmenway, 80 S.D. 153, 120 N.W.2d 561. Other parts of the record reveal the child mistakenly considered her age as fifteen years. Either age was within the essentials of the charge. The information named the victim and appellant was properly and adequately apprised of the nature and cause of the accusation against him, so that he could prepare his defense and plead the judgment as a bar to a subsequent prosecution for the same offense. State v. Sinnott, 72 S.D. 100, 30 N.W.2d 455.

Error is also urged because the trial court did not instruct the jury that it could find appellant guilty of assault and battery as a lesser included offense although requested so to do. SDC 34.3669 provides: "The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment or information * * *."

This statute has heretofore been considered by this court in a number of cases. In State v. Rasmusson, 72 S.D. 400, 34 N.W.2d 923, we held the trial court did not err when in a second degree manslaughter case it refused to submit to the jury as an included offense the crime of driving while intoxicated. The court said: "Driving while intoxicated is not an offense included within the manslaughter charge of this information. The two offenses are not the same nor, in our opinion, are they such related offenses as to include one within the other. The proof of driving while intoxicated was merely part of the evidence of the

unlawful killing. The two offenses simply stem from the same occurrence but they are not the same either in law or fact. They differ both in grade and kind."

In State v. Pepka, 72 S.D. 503, 37 N.W.2d 189, the defendant was charged and convicted of an attempt to commit rape upon a female under the age of 18 years. The trial court refused to submit to the jury the crime of assault as an included offense. This court said: "The question presented is whether the crime of assault is 'necessarily included' in the crime of an attempt to commit rape upon a girl under the age of eighteen years. Under the definition of an assault the attempt to do corporal hurt to another must be with 'force or violence'. * * * Under the provisions of SDC 13.2801 the use of force or violence by the man is not an element of the crime of rape where the female is under the age of eighteen years. * * * * * We are of the opinion, therefore, that the crime of assault as defined by our law is not an offense 'necessarily included' in the crime charged by this information." However, when the defendant was charged with first degree rape where force was an essential element, this court in State v. Crofutt, 76 S.D. 77, 72 N.W.2d 435, held that assault with intent to commit rape was an included offense in a charge of rape of the first degree; it was an uncompleted rape and the crime is complete when every element of the crime is present except penetration. Under the evidence in that case we held the trial court erred where it refused when requested to instruct on assault with intent to commit rape as an included offense.

California under a statute which is identical with our statute in essential particulars, Cal. Penal Code, Sec. 1159, has held the test of a necessarily included offense is simply that where an offense cannot be committed without necessarily committing another offense, the latter is a necessarily included offense. People v. Greer, 30 Cal.2d 589, 184 P.2d 512. If, in the commission of acts made unlawful by one statute the offender must always violate another, the one offense is necessarily included in the other. People v. Krupa, 64 Cal.App.2d 592, 149 P.2d 416. Before a lesser offense can be said to constitute a necessary

part of a greater offense, all the legal ingredients of the corpus delicti of the lesser offense must be included in the elements of the greater offense. If an element necessary to establish the corpus delicti of the lesser offense is irrelevant to the proof of the greater offense, the lesser cannot be held to be a necessarily included offense. People v. Whitlow, 113 Cal.App.2d 804, 249 P.2d 35; People v. Schumacher, 194 Cal.App.2d 335, 14 Cal.Rptr. 924; State of Utah v. Woolman, 84 Utah 23, 33 P.2d 640, 93 A.L.R. 723. See also In re Hess, 45 Cal.2d 171, 288 P.2d 5.

██ As we said in State v. Pepka, supra, the use of force or violence is not an element of the crime of second degree rape, sometimes termed statutory rape, and thus an offense dependent thereon is not a necessarily included offense. Accordingly, the trial court did not err in refusing to instruct on assault and battery as an included offense.

The alleged rape occurred in Unit 19, Horseshoe Motel, 308 East North Street, Rapid City, South Dakota. The unit was rented to one John Henry and his wife and occupied by them from January 13, 1967, until March 23, 1967. Henry and appellant and two other men were arrested and taken into custody on that date. That same day upon the affidavit of the victim, a search warrant for Unit 19 was issued and certain articles of bed clothing were seized and introduced in evidence at the trial. The search warrant was served upon the person in charge of the motel who gave the officer a key to the unit. Neither Henry, appellant nor anyone else was present when the search was made and the evidence obtained.

██ Appellant made a motion to suppress this evidence claiming the search was unlawful for various reasons which we find it unnecessary to mention. The court's denial of the motion is assigned as error. There was no error. Appellant had no interest in either the motel unit that was searched or the property seized. He cannot complain of the search of another's premises or the seizure of another's property. The immunity to unreasonable searches and seizures is personal to the one whose rights have been infringed. State v. Merrill, 82 S.D. 609, 152 N.W.2d 349; Granza v. United States, 5 Cir., 377 F.2d 746; State

v. McParlin, R.I., 221 A.2d 790. 1 Varon, Searches, Seizures and Immunities, 421 et seq. No constitutional or statutory protected right of appellant could have been violated by the search and seizure complained of. The facts in this case are distinguishable from those in Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697, relied upon by appellant.

Other errors assigned by appellant have been considered and determined to be without merit.

Affirmed.

All the Judges concur.