STATE, Respondent v. O'CONNOR, Appellant

(194 N.W.2d 246)

(File No. 10846. Opinion filed February 8, 1972)

**Woods, Fuller, Shultz & Smith,** and **John E. Simko,** Sioux Falls, for defendant and appellant.

**Gordon Mydland,** Atty. Gen., **William J. Srstka, Jr.,** Asst. Atty. Gen., Pierre, for plaintiff and respondent.

WOLLMAN, Judge.

Defendant appeals from his conviction on a charge of third degree burglary and from the judgment sentencing him to the South Dakota State Penitentiary for a period of eight years under the provisions of the South Dakota habitual offender statute, SDCL 22-7.

At approximately 1 o'clock p. m. May 22, 1969, defendant sold a pint of blood at a Sioux Falls, South Dakota, hospital. Following this, defendant drank intoxicating liquor at several bars during the afternoon and night of May 22. At approximately 7 o'clock p. m. defendant called a friend and asked her to bring her car to the bar at which he was drinking so that he could use the car later in the evening. This car was later found at the scene of the burglary.

During the early morning hours of May 23, 1969, an apparent break-in was discovered at Olsen's Marine and Sporting Goods, a business establishment located on the west side of Sioux Falls. A member of the South Dakota Highway Patrol who was called to the scene to assist the Sioux Falls police testified that he saw two persons moving about inside the building, one of whom he identified at trial as the defendant. When the highway patrolman and a police lieutenant searched the building a few moments later they discovered defendant crouched behind some boxes in a corner of the room. No one else was found in the building. Two separate windows in the building had been broken. Entry had apparently been made through the office window. Two shotguns belonging to the business were found on the floor of the office and three more were found lying on the ground outside the open office window.

At the time of defendant's arraignment, an information was filed under the provisions of SDCL 22-7 setting forth that defendant had been previously convicted under the laws of the State of South Dakota of five felonies. The trial court treated two of these felonies, involving bad check charges on which defendant was fined $25 and costs, as one for the purpose of sentencing the defendant under the provisions of the habitual offender statute.

Defendant's first contention is that the trial court erred in refusing to instruct the jury that it could find defendant guilty of a misdemeanor under the provisions of SDCL 22-32-16. Defendant was charged with a violation of SDCL 22-32-9:

"A person breaking or entering at any time any building within the curtilage of a dwelling house but not forming a part thereof, or any building or part of any building, booth, tent, railroad car, vessel, vehicle as defined in § 32-14-1, or any structure or erection in which any property is kept, with intent to commit larceny or any felony, is guilty of burglary in the third degree."

Defendant requested that the court instruct the jury that defendant could be found guilty of the offense set forth in SDCL 22-32-16:

"Every person who under circumstances not amount-ing to any burglary enters any building or part of any building, booth, tent, warehouse, railroad car, vessel, or other structure or erection with intent to commit felony, larceny, or malicious mischief, is guilty of a misde-meanor."

Defendant contends that the case of State v. Vierck, 23 S.D. 166, 120 N.W. 1098, requires such an instruction. In that case a defendant convicted of third degree burglary assigned as error on appeal the trial court's failure to instruct the jury that it could find the defendant guilty of the included misdemeanor offense now set forth in SDCL 22-32-16, notwithstanding the fact that no request for such an instruction had been presented to the trial court. In disposing of this contention the court said:

"It may be conceded that the offense defined by this section is necessarily included in that which is charged in the information. No request for an instruction to the jury that the accused might be convicted of this lesser offense was presented to the trial court, nor was any such instruction given in the general charge of the court. The included offense defined by section 571 (SDCL 22-32-16) is not one of the degrees of the crime of burglary, but is an entirely independent crime." 120 N.W. 1098, 1101.

The court held that the trial court had not erred in failing to give an instruction on the included offense because the defendant had not requested such an instruction.

SDCL 23-45-23 provides that:

"The jury may find the defendant guilty of any of-fense, the commission of which is necessarily included in that with which he is charged in the indictment or information, or of an attempt to commit the offense charged."

In State v. Barber, 83 S.D. 289, 158 N.W.2d 870, we discussed the matter of necessarily included offenses in the following words:

"California under a statute which is identical with our statute in essential particulars, Cal.Penal Code, Sec. 1159, has held the test of a necessarily included offense is simply that where an offense cannot be committed without necessarily committing another offense, the latter is a necessarily included offense. People v. Greer, 30 Cal.2d 589, 184 P.2d 512. If, in the commission of acts made unlawful by one statute the offender must always violate another, the one offense is necessarily included in the other. People v. Krupa, 64 Cal.App.2d 592, 149 P.2d 416. Before a lesser offense can be said to constitute a necessary part of a greater offense, all the legal ingredients of the corpus delicti of the lesser offense must be included in the elements of the greater offense. If an element necessary to establish the corpus delicti of the lesser offense is irrelevant to the proof of the greater offense, the lesser cannot be held to be a necessarily included offense. People v. Whitlow, 113 Cal.App. 2d 804, 249 P.2d 35; People v. Schumacher, 194 Cal.App.2d 335, 14 Cal.Rptr. 924; State of Utah v. Woolman, 84 Utah 23, 33 P.2d 640, 93 A.L.R. 723. See also In re Hess, 45 Cal.2d 171, 288 P.2d 5."

The offense of third degree burglary defined in SDCL 22-32-9 is committed by a person breaking or entering (a) any building within the curtilage of a dwelling house but not forming a part thereof, or (b) any of the named enclosures in which any property is kept, with intent to commit larceny or any felony. SDCL 22-32-16 (after first expressly excepting circumstances not amounting to any burglary) states that any person who enters a building or other named enclosure with intent to commit felony, larceny or malicious mischief is guilty of a misdemeanor.

It is to be noted that the offense set forth in SDCL 22-32-9 must involve the curtilage of a dwelling house or enclosures where property is kept, whereas the presence of property within

the named enclosures is not an element of the misdemeanor offense set forth in SDCL 22-32-16. Thus the two offenses are separate and distinct crimes. Under the test set forth in State v. Barber, supra, we conclude that the misdemeanor offense set forth in SDCL 22-13-16 is not necessarily included in the offense of third degree burglary set forth in SDCL 22-32-9. To the extent that the dictum in State v. Vierck, supra, is to the contrary, we decline to follow it.

■ ■ Moreover, as was held in State v. Kapelino, 20 S.D. 591, 108 N.W. 335, the trial court is not required to instruct the jury even as to those offenses which might be included but which the evidence would not warrant. See also People v. St. Martin, 1 Cal.3d 524, 83 Cal.Rptr. 166, 463 P.2d 390. The evidence in the instant case was overwhelming that there had been a forcible breaking and entering of a building in which property was kept. Indeed, there was no evidence whatsoever that defendant could have entered the building other than through the office window. Defendant's testimony was to the effect that the last thing he could remember before being discovered in the building was that he was drinking in the Twin Bar. He testified that he did not know how he got to Olsen Marine & Sporting Goods, that he did not recall even entering the building and that he did not remember whether anyone was with him. His defense was that he has a drinking problem and has suffered from alcoholic blackout spells and that he was so intoxicated at the time of the offense that he did not have the capacity to form the specific intent to commit larceny at the time alleged by the state.

The jury was properly instructed on the matter of voluntary intoxication as it relates to the existence of the specific intent to commit larceny as an essential element of the offense of third degree burglary. SDCL 22-5-5. While the testimony of defendant's witnesses and the testimony of one of the state's witnesses was to the effect that defendant was intoxicated late at night on May 22 and early in the morning on May 23, 1969, the jury by its verdict necessarily found that defendant was capable of forming the specific intent to commit larceny and that he had such specific intent at the time he entered the building.

Because the evidence showed that there had been a forcible breaking and entry into the building under circumstances amounting to a burglary, we conclude that the trial court did not err in refusing to instruct the jury that the defendant could be found guilty of the misdemeanor offense set forth in SDCL 22-32-16.

■ Defendant alleges that he was denied the equal protection of law because under SDCL 22-32-8, 22-32-9 and 22-32-16 two persons who together break and enter a building in the nighttime with intent to commit a crime can be given different treatment. One can be charged and convicted of a felony, while for the same actions the other, perhaps at the option of the prosecutor, can be tried and convicted of a misdemeanor.

In State v. King, 82 S.D. 514, 149 N.W.2d 509, 510, we said:

"Equal protection of the law requires that the rights of every person must be governed by the same rule of law under similar circumstances and, in the administration of criminal justice, the imposition of different punishments or different degrees of punishment upon one than is imposed upon all for like offenses is a denial of such right."

As we have stated above, the evidence in this case did not warrant an instruction on the misdemeanor offense. Defendant has not demonstrated that he has been treated differently from anyone else in like circumstances and we will not reverse his conviction on the hypothetical contention that conceivably two persons under like circumstances could be charged with different offenses arising out of the same circumstances.

Defendant contends that the sentence imposed upon him under the provisions of the habitual offender statute is also a denial of the equal protection of law. He states that he is aware of at least six other persons in similar circumstances who were not subjected to the provision of the habitual offender statute, one of whom was prosecuted at the same term of court during which defendant was prosecuted. Although in his brief he refers to a

handwritten renewal of motion to quash information which apparently gives more details regarding these other six cases, this motion is not part of the settled record. All that appears in the record is defense counsel's oral motion to dismiss the entire information made prior to the identification of defendant pursuant to SDCL 22-7-4 at the sentencing hearing. In this motion, defense counsel renewed the motions to dismiss the information made at the time of arraignment. This oral motion stated in part:

" * * * that enforcement or the use of the habitual criminal act against this defendant is used arbitrarily inasmuch as there may have been several other defendants with records as long as this man's or longer who were not similarly charged with the habitual criminal act and therefore, it is arbitrarily being used in this case and discriminates against this defendant."

The court responded to this motion by stating that it had considered the matter and that the motion would be denied.

■ We do not have a transcript of the arraignment before us. While we do not question counsel's statement that there may have been other cases in which the habitual offender statute was not applied, there is not within the present record enough precisely detailed evidence to permit us to consider and decide important constitutional questions concerning the possible unequal and arbitrary enforcement of the habitual offender statute in this case.

■ Finally, defendant raises as error the refusal of his request to take a lie detector test concerning the facts surrounding the alleged burglary. Defendant cites no authority for the proposition that the court erred in refusing to order such a test. The state has referred us to State v. Valdez, 91 Ariz. 274, 371 P.2d 894 and Pulakis v. State, Alaska, 476 P.2d 474, in support of the general rule that the results of such tests are inadmissible. See also Lee v. State, Tex.Cr.App., 455 S.W.2d 316; People v. Nicholls, 44 Ill.2d 533, 256 N.E.2d 818; State v. Royster, 57 N.J. 472, 273 A.2d 574. We hold that the trial court did not err in refusing to order a polygraph examination.

Affirmed.

HANSON, P. J., and BIEGELMEIER and WINANS, JJ., concur.

DOYLE, J., not participating.