**UNITED STATES of America, Appellee,**

v.

**Gilbert Clarence YOUNG, Appellant.**

**No. 73–1258.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 14, 1973.

Decided Dec. 6, 1973.

Mark V. Meierhenry, Rosebud, S.D., for appellant.

David Gienapp, Asst. U. S. Atty., Sioux Falls, S. D., for appellee.

Before GIBSON and BRIGHT, Circuit Judges, and TALBOT SMITH, Senior District Judge.*

TALBOT SMITH, Senior District Judge.

Appellant was charged with and convicted of burglary and larceny following jury trial. Involved are two saddles taken from the barn on the Tom Valandra ranch.

The charge made was violation of 18 U.S.C. § 1153 [1] and 661,[2] in two counts,

---

* Talbot Smith, Senior District Judge, Eastern District of Michigan, sitting by designation.

1. 18 U.S.C. § 1153 "Offenses committed within Indian country"

Any Indian who commits against the person or property of another Indian or other person any of the following offenses, namely, murder, manslaughter, rape, carnal knowledge of any female, not his wife, who has not attained the age of sixteen years, assault with intent to commit rape, incest, assault with intent to kill, assault with a dangerous weapon, assault resulting in serious bodily injury, arson, burglary, robbery, and larceny within the Indian country, shall be subject to the same laws and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.

\* \* \* \* \*

As used in this section, the offenses of burglary \* \* \* shall be defined and punished in accordance with the laws of the State in which such offense was committed.

2. 18 U.S.C. § 661 "Within special maritime and territorial jurisdiction"

Whoever, within the special maritime and territorial jurisdiction of the United States, takes and carries away, with intent to steal or purloin, any personal property of another shall be punished as follows:

If the property taken is of a value exceeding $100, or is taken from the person

one of burglary and the other of larceny. Following jury trial he was found guilty of the burglary and of larceny of property having a value of less than one hundred dollars.

Briefly stated, the evidence showed that appellant and three companions drove to Cody, Nebraska, where one of the group, McCloskey, "hocked a jack and a tire" for two quarts of wine. They then drove to Spring Creek to the ranch of Tom Valandra, from the barn of which appellant and McCloskey, it was testified, each removed a saddle, appellant later stating that "he was going to hock them—the saddles—in Cody." There was no showing that the saddles were the property of either appellant or his companion and the evidence adduced by the government, if believed, well warranted the verdict of the jury.

■ It is urged to us that the trial court erred in not instructing as to a lesser-included offense involved in the crime of burglary. Title 18, U.S.C., § 1153, *supra*, n. 1, states in part that "As used in this section, the offenses of burglary [and others] shall be defined and punished in accordance with the laws of the State in which such offense was committed." Under Count I appellant was charged with a violation of South Dakota's third degree burglary statute, SDCL 1967, 22–32–9.[3] The offense asserted to be one lesser-included is a South Dakota's misdemeanor offense set forth in SDCL 1967, 22–32–16.[4] The insurmountable obstacle to the maintenance of appellant's position in this respect is that the statutes concern two separate and distinct crimes, and it has been so held by South Dakota's highest court on two occasions, State v. Vierck, 23 S.D. 166, 120 N.W. 1098 (1909), and State v. O'Connor, 194 N.W.2d 246 (S. D.1972). The error in the dictum in the earlier case, upon which appellant places must reliance, indicating that the offense charged in the misdemeanor section is necessarily included in the crime of burglary in the third degree, was pointed out in the *O'Connor* case, with the statement that to the extent that it could be so construed "we decline to follow it."

In this situation appellant's reliance upon Keeble v. United States, 412 U.S. 205, 93 S.Ct. 1993, 36 L.Ed.2d 844 (1973) is misplaced. *Keeble* held, substantially, see United States v. Grant, 489 F.2d 27 (8th Cir. 1973), that an Indian[5] charged under the Major Crimes Act[6] is entitled to the same lesser-included offense instructions as a non-Indian charged with the same crime. But here no defendant, Indian or not, would be entitled to the lesser-included offense instruction under consideration.

■ Error is also asserted with respect to the court's refusal to reopen the

3. SDCL 1967, 22–32–9. "Breaking curtilage —Vehicles.—A person breaking or entering at any time any building within the curtilage of a dwelling house but not forming a part thereof, or any building or part of any building, booth, tent, railroad car, vessel, vehicle as defined in § 32–14–1, or any structure or erection in which any property is kept, with intent to commit larceny or any felony, is guilty of burglary in the third degree."

of another, by a fine of not more than $5,000, or imprisonment for not more than five years, or both; in all other cases, by a fine of not more than $1,000 or by imprisonment not more than one year, or both.

If the property stolen consists of any evidence of debt, or other written instrument, the amount of money due thereon, or secured to be paid thereby and remaining unsatisfied, or which in any contingency might be collected thereon, or the value of the property the title to which is shown thereby, or the sum which might be recovered in the absence thereof, shall be the value of the property stolen.

4. SDCL 1967, 22–32–16. "Entry of other enclosures—Misdemeanor.—Every person who under circumstances not amounting to any burglary enters any building or part of any building, booth, tent, warehouse, railroad car, vessel, or other structure or erection with intent to commit felony, larceny, or malicious mischief, is guilty of a misdemeanor."

5. Our jurisdiction in this case is based upon the fact that defendant is an Indian and that the crime occurred within the Rosebud Indian Reservation.

6. Note 1, *supra*.

government's case to permit appellant to further cross-examine Miss Beverlyn Lena Brave Hawk for impeachment purposes, on the basis of a tape recording of an interview with her by a law student. A hearing conducted in camera, in the presence of all counsel and Miss Brave Hawk, disclosed not only that the tape was in part inaudible, but also that it contained no impeaching materials.[7] There was no error in such ruling. Whether or not a case will be reopened for the purpose of permitting further testimony rests within the sound discretion of the trial court, United States v. Levin, 443 F.2d 1101 (8th Cir. 1971), cert. denied, 404 U.S. 944, 92 S.Ct. 297, 30 L.Ed.2d 260 (1971) and we find no abuse thereof upon this record. It is, as well, within the sound discretion of the trial court to ascertain whether inaudibility of portions of a tape renders the entire tape untrustworthy. Should the garbled portions be so substantial, in view of the purpose for which the tapes are offered, as to render the recording as a whole untrustworthy, admissibility will be denied. United States v. Avila, 443 F.2d 792 (5th Cir. 1971), cert. denied, 404 U.S. 944, 92 S.Ct. 295, 30 L. Ed.2d 258 (1971); United States v. Skillman, 442 F.2d 542 (8th Cir. 1971), cert. denied, 404 U.S. 833, 92 S.Ct. 82, 30 L.Ed.2d 63 (1971). There was no improper limitation of cross-examination, as asserted by appellant, upon these facts. The trial court's discretion in limiting the scope of cross-examination is broad and will not be disturbed on appeal unless clearly prejudicial. United States v. Miller, 460 F.2d 582 (10th Cir.

1972); United States v. Cole, 449 F.2d 194 (8th Cir. 1971), cert. denied, 405 U. S. 931, 92 S.Ct. 991, 30 L.Ed.2d 806 (1972).

■■ Error is also asserted with respect to the introduction into evidence of the two stolen saddles. The evidence showed that since being impounded as evidence they had been oiled, and stitched at one spot, by "trusties" at the jail, according to the testimony of Mr. Spencer Bear Heels. The objection made was that "since they came into the Government's possession they have been materially altered in that condition with an oil being applied to them. Tears—at least one tear has been repaired and laced up." The court ruled that identity had been sufficiently established, that "here he clearly identified the saddle because of the name, his own, his tag and so forth." There was no error in this ruling. The trial judge's determination that the showing as to identification is sufficient to warrant reception of an article into evidence will not be overturned except for a clear abuse of discretion, which we do not here find. United States v. De Larosa, 450 F.2d 1057 (3rd Cir. 1971); West v. United States, 359 F.2d 50 (8th Cir. 1966), cert. denied, 385 U.S. 867, 87 S.Ct. 131, 17 L.Ed.2d 94 (1966).

We have carefully examined the remaining assignments of error concerning the conduct of the trial and the reception of evidence and find no merit therein.

Affirmed.

---

7. The Court: "* * * The tape is not physically and in such condition that it could be used properly, in my opinion, before the jury. It's been admitted by counsel that the tape is far from perfect. There were a number of questions asked at the completion or toward the tailend of the tape, and if they had been audibly answered, this may have settled the question. But there is no question there and counsel agrees that the answers are inaudible. For this reason I am not going to allow any further reference to the tape in front of the jury. Additionally, I am not going to allow the attorneys to reopen Government's case and call the witness back for cross-examination." (Transcript, pp. 101–2.)

 \* \* \* \* \*

"If there were even the slightest possibility that this were impeachment material I would, of course, let it in." (Transcript, p. 103.)