**STATE of South Dakota, Plaintiff and Respondent,**

v.

**Robert Lee MYOTT, Jr., Defendant and Appellant.**

**No. 11685.**

Supreme Court of South Dakota.

Nov. 12, 1976.

Larry L. Voigt, Asst. Atty. Gen., Pierre, for plaintiff and respondent; William J. Janklow, Atty. Gen., Pierre, on the brief.

Steve Jorgensen, of Willy, Pruitt, Matthews & Jorgensen, Sioux Falls, for defendant and appellant.

WUEST, Circuit Judge.

The defendant was found guilty of the offense of burglary in the third degree and the offense of possession of burglary tools. He appeals on several grounds, four of which merit our attention here.

First, the defendant argues that the evidence was insufficient to justify submission of the issue of his guilt of the offense of possession of burglary tools to the jury. Second, the defendant contends that his motion to suppress all evidence against him should have been granted because the information filed against him charged more than one offense. Third, the defendant argues that SDCL 22–32–16, the misdemeanor "entry of enclosure" offense, is a lesser included offense of SDCL 22–32–9, felony third degree burglary; and that the court erred in not giving an instruction on the misdemeanor on request. Fourth, the defendant claims that SDCL 22–32–9 and SDCL 22–32–16 contain essentially the same elements and that the prosecutor in such a case should not have discretion to determine which to charge. We affirm the trial court on all issues.

We will first consider the defendant's assertion that the evidence was insufficient to justify submission of the issue of his guilt of the offense of the possession of burglary tools to the jury.

SDCL 22–32–17 reads in part:

"Every person who has in his possession any weapon or instrument or explosive useful for the commission of burglary, with the intent to break into and enter any structure, conveyance or place, and to commit any public offense therein, is guilty of a felony * * * and the possession of any such implement of burglary or any such explosive by any person shall be deemed prima facie evidence of an intention to violate the provisions of this section."

A review of the evidence reveals the following. Stationed across an alley and parking lot from the building which was broken into was a police officer who saw the defendant and two others approach the building. The officer did not see the defendant carrying anything. Two police officers inside the building saw movement outside a window and then heard scraping noises from the direction of the window. They then saw three figures enter through it. Shortly thereafter, the defendant was ar-

rested inside the building. In his possession was a satchel containing various tools, including two large screwdrivers, a chisel, a punch and two sledge hammers. Inspection of the window revealed fresh pry marks.

■ The appropriate standard for determining when a case should be taken from a jury on the grounds of insufficiency of evidence has been announced in the context of a motion for a directed verdict of acquittal, and we believe that the standard is appropriate here.

" 'When the state has introduced evidence upon which, if believed by the jury, they may reasonably find the defendant guilty of the crime charged, the state has made out a prima facie case, and the court would not be justified in taking the case from the jury * * *.' " *State v. Bates*, 1955, 76 S.D. 23, 71 N.W.2d 641, quoting *State v. Egland*, 23 S.D. 323, 121 N.W. 798.

■ We conclude that the evidence in this case was sufficient to justify submission of the issue to the jury because it might reasonably have found from the evidence recited above that the defendant was guilty of the charge of possession of burglary tools. See *State v. Bonrud*, 1976, S.D., 240 N.W.2d 77.

Defendant's next contention is based on the fact that the information in this matter charged him with two distinct offenses— burglary in the third degree and possession of burglary tools. As the defendant points out, SDCL 23–36–8 provides that a defendant may demur to an information "when it appears upon the face thereof * * * (3) That more than one offense is charged * * *." The defendant reasons that his objection to the introduction of any evidence should have been sustained because SDCL 23–36–9 provides that a defendant may object to the introduction of any evidence upon the grounds available for demurrer.

SDCL 23–36–8(3), on first reading, would appear to sustain the defendant's contention. However, that statute cannot be interpreted in isolation. SDCL 23–32–6 states that:

"The indictment or information may charge two or more different offenses connected together in their commission, or different statements of the same offenses, or two or more different offenses of the same class of crimes or offenses, under separate counts, and if two or more indictments or informations are filed in such cases, the court may order them consolidated."

Analysis of the history of SDCL 23–32–6 and SDCL 23–36–8(3) reveals that the predecessors to both were first enacted during the Second Territorial Legislature. See 1862 Laws of Dakota, Criminal Code, Ch. 19, § 7, and Ch. 22, § 2.

SDCL 23–36–8(3), which provides for demurrer when more than one offense is charged, contains the same language as the statute enacted in 1862, except that the statute now refers to both informations and indictments.

On the other hand, 1862 Laws of Dakota, Criminal Code, Ch. 22, § 2, a predecessor to SDCL 23–32–6, has been amended quite frequently. Until 1925, however, the predecessors were such that "it was the rule of this jurisdiction * * * that one offense only could be charged in an indictment or information." *State v. Klingler,* 1927, 51 S.D. 496, 215 N.W. 531. Thus, it can be said that until 1925 no claim could possibly have been made that the statutes were inconsistent.

In 1925, the predecessor to SDCL 23–32–6 was amended so that "one offense only could be charged *except* where the 'acts complained of' might constitute different crimes." (emphasis supplied) *State v. Klingler*, supra. The provision stated that offenses were to be "charged in separate counts." Chapter 197, S.L.1925.

The 1925 enactment thus arguably created an inconsistency between the two statutes we construe here. The legislature in 1927 enacted the statute substantially as it appears today, thus preserving the inconsistency. Chapter 143, S.L.1927. This statute provides that the information can, in different counts, charge two or more differ-

ent offenses which were connected together in their commission, or which are different statements of the same offense, or which are different offenses of the same class. See *State v. Fox,* 1929, 56 S.D. 294, 228 N.W. 382.

The issue presented is whether SDCL 23–32–6 has impliedly repealed SDCL 23–36–8(3).

■ We begin with the "proposition that 'Repeals by implication are not favored and will be indulged only where there is a manifest and total repugnancy. If, by any reasonable construction, both acts can stand, they should * * *.'" *Custer Ind. Sch. Dist. v. Hot Springs Ind. Sch. Dist.,* 1975, S.D., 232 N.W.2d 838, 841.

■ We find that the purpose of the foregoing rule can be fulfilled by our recognition of a construction of the statutes to the effect that SDCL 23–32–6 constitutes an exception to SDCL 23–36–8(3). Thus a demurrer will be allowed in any case which would previously have been allowed under SDCL 23–36–8(3), except as provided by SDCL 23–32–6.*

■ To illustrate, SDCL 23–36–8(3) together with SDCL 23–32–6 will allow a demurrer to an indictment or information when it appears that *any one count* of that indictment or information charges more than one distinct offense. This conclusion follows from an inspection of the statutes. SDCL 23–36–8(3) states that a demurrer will be allowed when it appears on the face of the information that more than one offense is charged. However, SDCL 23–32–6, under our analysis, provides an exception when distinct offenses are charged in separate counts. SDCL 23–32–6 does not, however, provide such an exception when distinct offenses are charged in the same count. Therefore, the statutes construed together will allow a demurrer when more than one distinct charge is made in a single count.

■ The defendant has urged that SDCL 23–36–8(3) allows him to demur to the information merely because it charges him with different offenses in different counts. Application of the analysis made above, however, indicates that the defendant is incorrect. SDCL 23–36–8(3) would have allowed such demurrer before the enactment of SDCL 23–32–6. As noted above, the latter statute created the exception that distinct charges could be made in different counts. We thus reject the defendant's contention.

The defendant next makes two associated claims based on SDCL 22–32–16, the misdemeanor "entry of other enclosures" offense, and SDCL 22–32–9, third degree burglary. He claims first that SDCL 22–32–16 is a lesser included offense of SDCL 22–32–9, and that the trial court erred in not giving an instruction on SDCL 22–32–16 as requested. He next asserts that the two statutes contain essentially the same elements and that in such a case the prosecutor cannot have discretion to determine which to charge.

This court has very recently discussed these same statutes. We said in *State v. O'Connor,* 1972, 86 S.D. 294, 194 N.W.2d 246, that:

"'Before a lesser offense can be said to constitute a necessary part of a greater offense, all the legal ingredients of the corpus delicti of the lesser offense must be included in the elements of the greater offense.'" 86 S.D. at 298, 194 N.W.2d at 248–249, quoting *State v. Barber,* 83 S.D. 289, 158 N.W.2d 870.

We then applied this rule to the statutes we were considering:

"It is to be noted that the offense set forth in SDCL 22–32–9 must involve the curtilage of a dwelling house or enclosures where property is kept, whereas the presence of property within the named enclosures is not an element of the misdemeanor offense set forth in SDCL 22–32–

---

* The South Dakota legislature may thus be said to have reached much the same goal as has the California legislature. That legislature, however, addressed itself more directly to the prob-

lem by making explicit the exceptions to the general rule allowing demurrers when more than one offense is charged. See Cal.Penal Code, § 954 and § 1004.

16. Thus the two offenses are separate and distinct crimes. Under the test set forth in *State v. Barber,* supra, we conclude that the misdemeanor offense set forth in SDCL 22–13–16 is not necessarily included in the offense of third degree burglary set forth in SDCL 22–32–9. * * * " 86 S.D. at 298–299, 194 N.W.2d at 249.

*State v. O'Connor* thus makes it clear that the trial court did not err in refusing to give an instruction on SDCL 22–32–9 as requested by defendant because it was not a necessarily included offense. The defendant has not offered any means of distinguishing the present case from the *O'Connor* case; indeed, he has not even cited it.

Moreover, *O'Connor* completely deflates the defendant's collateral claim that SDCL 22–32–16 and SDCL 22–32–9 contain essentially the same elements. Therefore we need not determine the consequences if such were not the case. See *State v. Christian,* 1970, 85 S.D. 92, 177 N.W.2d 271.

We have also examined the defendant's remaining claim of procedural irregularity and find that the error, if any, did not prejudice any of the defendant's substantial rights. SDCL 23–1–2.

Affirmed.

DUNN, C. J., and WINANS, WOLLMAN and COLER, JJ., concur.

WUEST, Circuit Judge, sitting as a member of the Court.

ZASTROW, J., not having been a member of the Court at the time this case was orally argued, did not participate.