STATE, Respondent, v. PECK, Appellant

(150 N.W.2d 725)

(File No. 10353.   Opinion filed May 17, 1967)

**Samuel W. Crabb,** Rapid City, for defendant and appellant.

Frank L. Farar, Atty. Gen., **Walter W. Andre,** Asst. Atty. Gen., Pierre, **David F. Sieler,** State's Atty., Rapid City, for plaintiff and respondent.

HOMEYER, Presiding Judge.

The defendant, William Peck, was convicted in the Circuit Court of Pennington County of the crime of burglary in the third degree in breaking or entering the automobile of Arthur Maron with intent to commit larceny.[1] He was sentenced to a term of two years and nine months in the state penitentiary and he appeals from the judgment and sentence.

The evidence of the state shows that Arthur Maron went to work at Gifford Electric at approximately 6:30 p. m. on December 27, 1965. He parked his automobile, a 1958 Pontiac 4 door sedan, in front of the place of his employment located on the corner of 11th Street and Kno Place at Rapid City. All doors of the vehicle were locked except the left front door. There were some articles in the glove compartment and a black nylon jacket in the back seat.

Shortly before 9 p. m. Maron heard a doorknob rattle and by looking through a glass door he observed two men in his car. The front door on the passenger side was open. One of the men was leaning against the front seat looking into the glove compartment. Maron later identified this man as DeWayne Fire Thunder. The other man, the defendant, had his head in the window or door and was watching him. The area was illuminated by lights over doors leading into the Gifford building and by the dome light in Maron's car.

Maron rushed out of the building and the two intruders fled with Maron in pursuit. He got within three or four feet of the defendant, but could not catch him. The chase continued for about a half block—the defendant going in a northwesterly direction and Fire Thunder in a northerly direction. Maron then returned

---

1. SDC 1960 Supp. 13.3703(2) as amended by Ch. 32, Session Laws 1965, includes within the purview of burglary in the third degree breaking or entering "any * * * vehicle as defined in SDC 44.0301 as amended * * *." SDC 44.0301 defines a vehicle as "every device in, upon, or by which any person or property is or may be transported or drawn upon a public highway * * *."

to the Gifford building and telephoned the police station. He also examined his automobile. The front door on the passenger side was still open. The vent window on that side had been broken. The glove box was open and the contents were scattered on the floorboard. The black nylon jacket was missing from the back seat.

Two police officers arrived at the scene in a patrol car in about five minutes. Shortly afterward they were informed by police radio that another police patrol had apprehended two men nearby. The policemen and Maron then drove to this place which was in an alley about 2 1/2 blocks away and Maron identified the two men as the persons who had been in his car, one of whom, Fire Thunder, was wearing his black nylon jacket.

The police officers who apprehended the defendant and his companion testified that they were cruising the area in a patrol car and one of them saw the defendant drop a coat behind a tree. He also saw Fire Thunder close by. He got out of the patrol car and asked for identification and also picked up the coat. It was a woman's coat. Maron identified the coat as similar to one the defendant was wearing when he saw him in the car and while chasing him.

The defendant did not testify. Neither did Fire Thunder. The sole witness for the defendant was Marie Hanson who lived near where the defendant was apprehended. She testified that the defendant, Fire Thunder, and a third man whom she did not know, were at her home at about 4:00 o'clock that afternoon and were drinking wine. They stayed about a half hour. They came back again at about 5:30 p. m., and consumed another bottle of wine. She identified the female coat which the defendant discarded as her coat. The last time she saw it was the night of December 27th when the defendant was at her home.[2] She said the defendant "wanted to borrow a coat, my son's jacket, but he wasn't home so I loaned him my coat." It was cold. At the time Fire Thunder was wearing a striped jacket. Mrs. Hanson did not report to the police that her coat was missing and said she figured he was going to bring it back.

---

2. The trial began January 26, 1966.

Defendant contends the trial court erred in failing to direct a verdict of acquittal for the reason that the evidence is wholly insufficient to show (1) that the defendant participated in the crime; that is, it fails to show either a breaking or entering by the defendant, or if there is a breaking or entering by him, that it was done with an intent to commit larceny; and (2) that the defendant aided, abetted or assisted another in the commission of the crime of third degree burglary.

■ There is no merit in either contention. In this state, entering is sufficient to sustain a burglary conviction without a breaking. SDC 1960 Supp. 13.3703(2) as amended. Commenting on the statute, this court in State v. Vierck, 23 S.D. 166, 120 N.W. 1098, said: "It will be observed that this section does not require a 'breaking,' but 'entering' alone is sufficient to constitute the crime, and, though the information charges both breaking and entering, the crime would be complete whether the entry was accomplished by means of force or without it." See Annotation 23 A.L.R. 288.

■ Maron positively identified the defendant as being within the car. It was not necessary for him to be completely therein. The entry of any part of his body was sufficient. 12 C.J.S. Burglary § 10b; 2 Wharton, Criminal Law, 12th Ed., § 969, p. 1273.

On cross examination the defendant sought to discredit the testimony of Maron by showing a variance between what he said at the preliminary hearing and his testimony on direct examination at the trial. The claimed discrepancy involved whether Maron saw the defendant, or any part of him, in the automobile. He argues that Maron's testimony is contradictory and because under the circumstances a limited opportunity for observation existed, he contends the state has not met the burden of proving defendant's guilt beyond a reasonable doubt.

■ We have reviewed the record with care and are satisfied that the evidence produced by the state was sufficient to make out a prima facie case from which the jury could reasonably find the defendant guilty of the crime charged. State v.

Nelson, 80 S.D. 574, 129 N.W.2d 54. The credibility of the witnesses and the weight to be given their testimony were matters for the jury. State v. Burtts, 81 S.D. 150, 132 N.W.2d 209; State v. Bates, 76 S.D. 23, 71 N.W.2d 641.

■ The contention the evidence is insufficient to establish beyond a reasonable doubt that the entry was with intent to commit larceny is not sustainable. The only evidence which would prove conclusively and beyond doubt the existence of an intent to commit larceny would be the statement or confession of the defendant himself. Admittedly there is nothing in the record to directly establish that the defendant intended to steal anything from the automobile or that the defendant knew that Fire Thunder intended to steal. But such intention or knowledge of such intention need not be directly or postively proved and it may be inferred from the circumstances. 12 C.J.S. Burglary § 55.

■ Mere presence alone of the accused at the scene of a crime is not sufficient to make him a participant, but his presence is a circumstance which tends to support a finding that he is a principal and with other facts and circumstances may establish his guilt of the offense. People v. Carlson, 177 Cal.App.2d 201, 2 Cal.Rptr. 117; People v. Lee, 202 Cal.App.2d 36, 20 Cal.Rptr. 360.

■ The facts and circumstances show the defendant was seen leaning into Maron's automobile on the side where shortly before the door had been locked and on which one of the vent windows had been broken. Immediately following, a black nylon jacket which was within the car was missing, and found being worn by defendant's drinking companion. While leaning into the car, Fire Thunder was rifling the glove compartment. The jury could have inferred that defendant was a participant; that he took the jacket during this time and gave it to Fire Thunder since he already had a coat. Defendant's flight with Fire Thunder pursued by Maron, with either one or the other carrying the stolen jacket, supports an inference of participation and of an intent to steal.

■■ However, if a person breaks or enters with intent to commit larceny, he is not exonerated from guilt because he

did not steal, or because he was frightened away before he carried out his intent, or because he abandons his intent after entry. Consummation of design is not an essential element of the crime of burglary. 2 Wharton, Criminal Law, 12th Ed., §§ 971, 972; People v. Rhodes, 137 Cal.App. 385, 30 P.2d 1026.

■ The common law distinction between a principal and accessory before the fact has been abrogated by statute in this state and one who aids and abets in the commission of a crime may be prosecuted, tried, and punished as a principal.[3]

Under the evidence and in accord with several recent pronouncements by this court, State v. Johnson, 81 S.D. 600, 139 N.W.2d 232, State v. McCreary, 82 S.D. 111, 142 N.W.2d 240, the court instructed the jury as follows: "* * * the mere presence of a person at the commission of the crime does not make him guilty of the crime unless he participates in the crime or aids, abets, or assists another in the commission of the crime."

■ ■ A common purpose among two or more persons to commit a crime need not be shown by positive evidence, but may be inferred from facts and circumstances surrounding the act and from an accused's conduct subsequent thereto. Callies v. State, 157 Neb. 640, 61 N.W.2d 370; State v. Kneedy, 232 Iowa 21, 3 N.W.2d 611; 22 C.J.S. Criminal Law § 87a, p. 258. Presence of one when a felony is committed and companionship with a person engaged therein, and a course of conduct before and after the offense, are circumstances which may properly be considered in determining whether aiding and abetting may be inferred. Miller v. State, 173 Neb. 268, 113 N.W.2d 118.

In State v. St. Pierre, 59 S.D. 169, 238 N.W. 875, the defendant was convicted of burglary in the third degree and this court affirmed, although the evidence showed he never broke or entered the pool hall or took and carried away any merchandise therefrom. At the time he was in his home about three blocks

---

3. SDC 1960 Supp. 34.0504. "The distinction between an accessory before the fact and a principal, and between principals in the first and second degree, in cases of felony, is abrogated, and all persons concerned in the commission of a felony, whether they directly commit the act constituting the offense or aid and abet in its commission, though not present, must be prosecuted, tried, and punished as principals, and no additional facts need be alleged in any indictment or information.

away. A close association was shown to exist between the defendant and the person who performed those acts and some subsequent contacts and sharing in the results.

Where a person goes along to divert suspicion or to serve as a lookout, to give warning of any interference while a crime is being committed, or when an automobile is used, to take charge of the automobile and to keep the engine running as a direct aid to another person in making his escape from the scene of a crime, any one of these purposes is sufficient on which to base a reasonable inference that such person was aiding and abetting in the commission of a crime. People v. Silva, 143 Cal. App.2d 162, 300 P.2d 25.

The facts and circumstances shown, in our opinion, are sufficient to permit the jury to find that the defendant either participated in, or aided and abetted in, the commission of the crime of burglary in the third degree.

Affirmed.

All the Judges concur.