STATE, Respondent v. ANDERBERG, Appellant

(228 N.W.2d 631)
(File No. 11317. Opinion filed May 2, 1975)

**Sidney B. Strange**, Sioux Falls, for defendant-appellant.

**Kermit Sande**, Atty. Gen., **Robert A. Wichser**, Asst. Atty. Gen., Pierre, for plaintiff-respondent.

RENTTO, Judge.[*]

The amended information filed against Craig John Anderberg charged him with an assault upon the person of Marvin LaRoche on September 26, 1972 with intent to inflict great bodily injury, in violation of the provisions of SDCL 22-18-12. The jury found him guilty. His motion for a new trial having been denied, judgment was entered sentencing him to imprisonment in the state penitentiary. He appeals from the judgment.

Viewing the record favorably to the verdict, as we must, it establishes the following facts. On the afternoon of that day at about 6 o'clock two young Indian men, the Byington brothers, came from the vicinity of the Rainbow Bar in Sioux Falls and ran westerly across Main Street and then in a northerly direction. The Bar is near the Downtown Holiday Inn. Soon after that four white men came from the rear of the Bar. One of them, the defendant, was carrying a pool cue. They walked quickly toward Main Street.

Shortly the victim of the assault, LaRoche, and his companion Tommy Ross, both young Indian men, came to the southeast side of the Holiday Inn and engaged in conversation with two Indian women who wanted to learn what had taken place in the Bar. While these four were conversing a car drove up and stopped near them and parked on the east side of the Holiday Inn. When the car door was opened someone in the car said, "there he is, get him". Three men emerged from the car, one of them the defendant. One of these three, but not the defendant, had a pool cue in his hand. A girl remained in the car.

As these three, apparently all white men, approached LaRoche and Ross, the latter ran across the street. The one

---

[*] Retired Supreme Court Judge acting pursuant to SDCL 16-1-5.

carrying the pool cue hit LaRoche over the head with it with such force that it broke the cue into two pieces, the larger end landing on the ground. As LaRoche began to fall the defendant and another of the three, not the one with the pool cue, kicked him. The two Indian women asked Ross, who was across the street, to call the police. The girl who had remained in the car said, "come on you guys". The three men got back into the car and drove off, the driver carrying the other part of the pool cue.

When the police officer arrived at the scene he observed that the victim was unconscious and bleeding from the ear. Near him lay the thick part of a broken pool cue. The victim was taken by ambulance to a hospital where it was ascertained that he had suffered a basal skull fracture extending from the mastoid area of the ear into the upper back part of the head. In the physician's opinion his injury was consistent with being recently hit over the head with a pool cue. As a witness for the state the victim recalled being hit on the head but didn't remember seeing anybody.

That afternoon, shortly before the described assault, there had been a serious disturbance in the Bar involving two Indian men and a white man. In it the white man received a knife wound which required hospital treatment. The defendant was in the Bar at the time and left soon after the knifing incident. As a witness for himself the defendant denied any involvement in the assault on LaRoche, but did admit being in the Bar playing pool that afternoon. He also denied carrying a pool cue when he left the Bar.

■ His first contention here is that the evidence presented at his preliminary examination did not establish sufficient cause to believe the defendant guilty of the offense charged. We do not reach the merits of this argument because he neither moved to set aside the charge against him, nor sought any other remedy prior to pleading not guilty to the information. State v. O'Connor et al., 84 S.D. 415, 172 N.W.2d 724. By failing to timely call this deficiency in the preliminary examination to the attention of the trial court he waived such objection.

Several of the other reasons he urges for reversal are

grounded on the premise that the evidence of the state establishes that he did not strike the blow that caused the injury to LaRoche. Factually this observation is correct, but his position misconstrues the mandate of SDCL 23-10-3 which makes those who aid and abet in the commission of a felony, principals. In State v. Nelson, 88 S.D. 348, 220 N.W.2d 2, we reviewed some of our more recent cases concerning the meaning of the phrase "aid and abet" and held that one:

> "aids and abets the commission of a crime if he knowingly and with criminal intent aids, promotes, encourages or instigates by act or advice the commission of such crime."

One who so conducts himself is guilty of the other's crime.

 Merely being present at the scene of a crime does not make one a participant, but it is a circumstance which tends to support a finding that he is, and with other facts and circumstances may establish his guilt of the offense. State v. Nelson, supra, and cases cited therein. The facts and circumstances above related, together with the inferences which the jury could fairly draw therefrom, are sufficient to permit it to find beyond a reasonable doubt that the defendant aided and abetted in the assault upon LaRoche. We are not free to disturb its verdict unless we can hold that the evidence, as a matter of law, is insufficient to justify the jury's finding of guilty. State v. Olson, 83 S.D. 493, 161 N.W.2d 858. It is such only if we can say that no reasonable mind could find as the jury did. This we are unable to do.

 On behalf of the defendant it is asserted that he can not be held as an aider and abettor in the assault on LaRoche without a showing that he and the others involved acted in furtherance of a conspiracy. The short answer to this is that one may aid and abet without having previously entered into a conspiracy to commit a crime. People v. Villa, 156 Cal.App.2d 128, 318 P.2d 828; People v. Carlson, 177 Cal.App.2d 201, 2 Cal.Rptr. 117; and People v. Fleming, 191 Cal.App.2d 163, 12 Cal.Rptr. 530. Being involved as an aider and abettor in the commission of a crime and being involved as a conspirator to

commit the same crime are separate and distinct offenses. See State v. Carlson et al., 79 S.D. 411, 112 N.W.2d 891.

■ The portion of the pool cue which the police officer found next to the victim's body was admitted in evidence. He complains that this was improper because it is not shown that he possessed or wielded it in the commission of the alleged assault. We do not agree. One of the issues on trial was that the alleged assault was committed with intent to inflict great bodily harm. Since the exhibit had a logical tendency to establish this element of the crime, the commission of which it was claimed he aided and abetted, it was relevant. As an aider and abettor he was a principal in its perpetration. That the name of the one who struck the blow was not established by the evidence is of no moment.

■ The defendant's testimony concerning what took place contradicts the prosecution's version of the event. Much of his argument for reversal proceeds from the assumption that his view was correct. The credibility of his testimony may be tested the same as that of any other witness, State v. Olson, 83 S.D. 260, 158 N.W.2d 526. As was observed in People v. Hall, 87 Cal.App. 634, 262 P. 50, "Few criminals would ever be convicted if their explanations were always accepted as gospel truth." Whether his testimony was true was for the jury to determine. The verdict indicates that it did not choose to believe him.

After the jury declared its verdict, discussion was had about a date for sentencing. Defendant's trial counsel, who is not his present counsel, indicated that he would like some time to make a motion for a new trial. In advising the court of his desire he added "and I presume you want a pre-sentence investigation, don't you?" To this the court replied, "Well I don't know as I need a pre-sentence investigation, but I would be glad to give you some time. How about the 26th?" Nothing further was said concerning an investigation. Seizing on this colloquy it is urged the court erred in not ordering the investigation.

■ ■ Presentence investigations are authorized by SDCL 23-48-17. The statute does not compel an investigation. That is left to the court's discretion. However, it does provide that it may

not be done without the consent of the defendant, made in open court. Absent such consent the court is without authority to order one. State v. Barcley, 88 S.D. 584, 225 N.W.2d 875. It would be tenuous reasoning to regard the quoted chance remark of his counsel as a consent to an investigation. Clearly in the colloquy neither counsel nor the court seemed to be concerned with the matter of consent. However desirable or necessary such investigations may be thought to be to the fairness of the sentence, the defendant's consent, a condition precedent thereto, should not be left to surmise or conjecture.

 Although 'this disposes of the questions presented we have carefully studied the record bearing on the defendant's claim that the court abused its discretion in not ordering an investigation. One convicted of assault with intent to inflict great bodily injury is punishable by imprisonment in the state penitentiary for not less than one year nor more than five. Defendant was sentenced to eighteen months imprisonment in the penitentiary with the last six months suspended. Pending his appeal he was admitted to bail in the sum of $1000.00, which he furnished.

Before passing sentence the court interrogated the defendant in detail concerning his background, life habits, and previous criminal and military record. He is a native of the Sioux Falls area, 21 years of age and unmarried. When asked if he had anything to say, defendant suggested probation as his sentence. This the court ruled out because of the seriousness of the offense.

In this connection the court remarked that the assault was unprovoked and involved one who was entirely innocent of any wrongdoing. Defendant testified that while LaRoche was in the Bar when the knifing occurred he had nothing to do with it. The court was also disturbed by the viciousness of the assault. Because of the injuries inflicted the victim would never again be normal and would be subject to epileptic seizures. We are satisfied from our examination of the record that the court in not ordering a presentence investigation did not abuse its discretion.

Affirmed.

All the Justices concur.

RENTTO, Retired Judge, sitting for DUNN, ·C. J., disqualified.