STATE of South Dakota, Plaintiff and Respondent,

v.

Leonard Eugene BONRUD, Jr., Defendant and Appellant.

No. 11690.

Supreme Court of South Dakota.

Nov. 19, 1976.

William D. Kenyon, Sioux Falls, for defendant-appellant.

William J. Janklow, Atty. Gen., Peter H. Lieberman, Asst. Atty. Gen., Pierre, for plaintiff-respondent.

WINANS, Justice.

Defendant Leonard Bonrud was arrested and charged with first degree robbery and first degree rape. The rape charge was dismissed as a matter of law at the end of the state's case. The jury found the defendant guilty of first degree robbery and defendant appeals. We affirm.

On Sunday, November 24, 1974, shortly before 10 P.M., a 19-year-old woman was parking her car outside her place of employment, the N. W. Bell Telephone building, in Sioux Falls, S.D. At approximately the same time defendant John Bonrud, and Ronald Scirica were returning to Sioux Falls from Renner where they had spent the evening playing pool and drinking beer. Defendant was driving; he stopped behind the young woman's car at the N. W. Bell building just as she was preparing to leave her car. At that time Scirica forced his way into her car and told her to shut her eyes. John Bonrud entered the car from the passenger side and asked the victim if she had any money. He picked up the purse from the car seat and opened it. He then put what the victim believed to be a knife to her throat and inquired of Scirica whether he could kill her or at least cut her a little. Scirica told him to leave the woman alone and proceeded to drive her car to an alley a short distance away. After he stopped the car, he forced the woman to perform oral sex on him. At this time defendant drove up in the second car and inquired what was "pulling off." Scirica told him to shut up and turn off his engine. Defendant complied.

Scirica then ordered John Bonrud into the back seat of the victim's car and Scirica had sexual intercourse with the young woman in the front seat. It is not clear from the record of this case exactly who or how many people, were in the back seat at this time, but the victim testified that someone entered the back seat of her vehicle. She testified that someone in the back seat commented on the contents of her purse to the effect that "She doesn't have very much. Let's go get another." She was then told to exit her car and was forced to lie on the ground with her eyes shut. She testified that the men then left in the second car.

Upon returning to her vehicle the victim found that her purse was missing. Pursuant to a search warrant the purse was later found in the car being driven that night by

defendant. No evidence was introduced to show how the purse was transferred between vehicles.

Shortly after 10 P.M. on the same evening, Jake Lottman was leaving his job at National Bank of South Dakota to go home. Defendant stopped the car he was driving next to the Lottman vehicle; Scirica and John Bonrud then attempted to force their way into that car, but were repelled by Lottman. They then returned to the second car and drove a short distance down the street. Meanwhile, Lottman flagged down a passing patrol car; when the officer pulled in front of the car driven by defendant, all three occupants fled on foot.

Leonard Bonrud was subsequently arrested, charged and tried conjointly with Scirica. The jury returned a verdict of guilty of first degree robbery.

Defendant's first contention on appeal is that he was denied a fair trial because of the trial court's refusal to sever his trial. He urges that testimony pertinent to the rape and the act of oral sex was unrelated to the charges against him and that this testimony was inflammatory and prejudicial.

■■■■ The granting or denial of a motion for a separate trial made pursuant to SDCL 23–42–4 is a matter that lies within the discretion of the trial court. We will not disturb the trial court's decision absent a showing of abuse of discretion. While it is true, as defendant contends, that the testimony he complains of was not related to the first degree robbery charge, such testimony was related to the charge of first degree rape. At the time that testimony was presented, defendant still faced the rape charge. After that charge was dismissed, the court adequately instructed the jury that such testimony was not to be considered as to defendant Bonrud. "In the absence of a more particularized showing as to any possible prejudice, we conclude that the trial court did not abuse its discretion in denying the motion for separate trials." *State v. Strickland*, 1973, 87 S.D. 522, 528, 211 N.W.2d 575, 579; *State v. Bazer*, 1973, 189 Neb. 711, 204 N.W.2d 799; *People v.*

*Scott*, 1970, 23 Mich.App. 568, 179 N.W.2d 255.

Defendant's second contention is that the testimony of Jake Lottman was so prejudicial that to admit it was reversible error. We considered this identical question in *State v. Bonrud*, 1976, S.D., 240 N.W.2d 77 and held this testimony to be properly admitted.

"The testimony concerning the attack upon the bank guard Lottman tended to place Scirica and the two Bonruds in each other's company but moments after the rape in question. It also established the method of operation of the three. In both incidents Scirica attempted to get in the car on one side, the driver's, and Bonrud attempted to get in the car from the other. Testimony concerning the Lottman incident was also necessary to show how and why the car was seized, the purse found and the three perpetrators pursued. We have previously stated that:

'What in any case is a part of the res gestae of a crime depends upon the character and circumstances of the particular case. We believe what occurred and was said between defendant's assault upon his wife, the calling of the police, and his subsequent arrest was so intimately connected in time and place with the crime charged that it constituted a part of the res gestae and was admissible.' *State v. Burtts*, 1964, 81 S.D. 150, 132 N.W.2d 209.

In the instant case the sex acts in the automobile, the flight by Defendant and companions in their car, the attempted robbery of Lottman immediately after (coupled with the comment that the victim's purse did not contain enough money and that they should find another) were all part of the res gestae. Although the assault on Lottman did constitute a crime in itself, the evidence was not thereby made inadmissible. As the Court also noted in *Burtts*, supra,

'This evidence when a part of the res gestae was proper if it was related to and tended to prove the crime charged

although it also proved or tended to prove the defendant guilty of another crime.'" 240 N.W.2d at 79.

■ Defendant's last contention is that the trial court erred in refusing to direct a verdict for defendant on the robbery charge. On review this presents the court with a challenge to the sufficiency of the evidence to justify the verdict. *State v. Nelson*, 1964, 80 S.D. 574, 129 N.W.2d 54; SDCL 23–50–2(7). "'When the state has introduced evidence upon which, if believed by the jury, they may reasonably find the defendant guilty of the crime charged, the state has made out a prima facie case, and the court would not be justified in taking the case from the jury, and advising a verdict in favor of the defendant . . .'" *State v. Bates*, 1955, 76 S.D. 23, 29, 71 N.W.2d 641, 644. See also *State v. Shank*, 1975, S.D., 226 N.W.2d 384; *State v. Peck*, 1967, 82 S.D. 561, 150 N.W.2d 725.

■ Defendant argues that the evidence shows, at most, "mere presence" at the scene of the crime. "We recognize that in the absence of evidence of participation a conviction cannot be sustained on the basis of defendant's presence at the scene of the crime. . . . Mere presence at the scene of a crime is not enough to prove defendant committed the offense." *State v. Henry*, 1973, 87 S.D. 454, 459, 210 N.W.2d 169, 172 (citations omitted). Presence of the defendant, however, at the scene of a crime, coupled with evidence of companionship and conduct before and after the crime is committed, may raise an inference of guilt. *State v. Weinandt*, 1969, 84 S.D. 322, 171 N.W.2d 73. Presence is a circumstance that tends to support a finding that defendant is a participant and when considered with other facts and circumstances, may establish guilt. *State v. Nelson*, 1974, S.D., 220 N.W.2d 2.

■ SDCL 23–10–3 makes those who aid and abet in the commission of a felony, principals. *State v. Anderberg*, 1975, S.D., 228 N.W.2d 631. One "aids and abets" if he "knowingly and with criminal intent aids, promotes, encourages or instigates by act or advice the commission of such crime." *State v. Nelson, supra*. The evidence shows that defendant stopped the car behind the young woman, followed his companions to the alley, drove them away from the scene, stopped beside Lottman's car, and fled when approached by police. Admittedly this evidence is circumstantial, but "circumstantial evidence alone may justify conviction providing it is of such probative force as to enable the trier of fact to say that defendant is guilty beyond a reasonable doubt." *State v. Henry, supra*, at 172.

Although the evidence was conflicting, the jury is exclusive judge of credibility of witnesses and weight of the evidence. *State v. Hanson*, 1974, S.D., 215 N.W.2d 130. The evidence is sufficient to justify a jury verdict that defendant was guilty of first degree robbery as an aider and abettor beyond a reasonable doubt.

The judgment is affirmed.

All the Justices concur.