**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Terrance J. SCHAFER, Defendant and Appellant.**

**No. 13011.**

Supreme Court of South Dakota.

Argued Sept. 8, 1980.

Decided Oct. 15, 1980.

Lori S. Wilbur, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Patrick H. Lacey of Lacey & Srstka, Sioux Falls, for defendant and appellant.

FOSHEIM, Justice.

The defendant appeals from a conviction of burglary in the third-degree and habitual criminal status. We affirm.

At about 4:00 a. m. on February 23, 1979, a Sioux Falls police officer arrived at the Stockman's Bar in response to a radio dispatch. He parked his vehicle in a parking lot north of the bar and upon approaching the building, discovered the rear doors were open. The officer radioed for help and, while standing outside the bar, observed a light-colored Chevrolet drive onto a driveway across the street. The Chevrolet stopped and its headlights were turned off.

Another officer then arrived and both policemen entered the Stockman's Bar. They found Dale L. Ter Wee Jr. inside. A flashlight, pair of gloves, and two screwdrivers were taken from his person. The officers then went across the street to the parked Chevrolet automobile. It was occupied by appellant.

A search of the bar revealed other tools, including a hammer, that had not been present when the building was closed for business at 2:00 a. m. Appellant's father testified that the hammer belonged to him. He later hedged on that identification, but was firm in testifying that his hammer had been missing since late 1978, at a time when appellant was living at his father's residence.

Patrick O'Dea testified that he and appellant had been drinking beer on the afternoon prior to the burglary. Dale L. Ter Wee Jr. joined them at approximately 4:00 p. m. About 10:30 p. m., appellant and Ter Wee drove O'Dea home in a light-colored Chevrolet resembling the vehicle in which appellant was found near the scene of the burglary.

Detective Edward Corbett testified that immediately prior to the preliminary hearing he overheard appellant tell O'Dea, "They can't get me for anything. All I done was drop Bud [Ter Wee] off, and I was across the street in the car."

The thrust of appellant's appeal is that he was entitled to a directed verdict of acquittal because the State did not establish that he actually aided, abetted, or advised Dale Ter Wee Jr. in the commission of the burglary, or that he did so with "intent to promote or facilitate" the commission of the crime. Appellant contends that a mere showing of his presence near the scene of the crime and his association with Ter Wee approximately five and one-half hours before the crime was insufficient to make out a prima facie case connecting him with the offense so that he could be held accountable as a principal to the crime pursuant to SDCL 22 3 3.*

The State's witness did last see appellant in the presence of Ter Wee approximately five and one-half hours before the burglary. Fair inferences from the testimony of Detective Corbett, however, placed the accused in close association with Ter Wee at the time and place of the crime.

■ We have long recognized the rule that evidence which shows that, at or about the time of the commission of the offense charged, the defendant and an accomplice were in close association in the neighborhood of the place where the crime was committed may sufficiently connect the defendant with the commission of the crime to furnish the necessary corroboration of accomplice testimony. *State v. Moeller*, 291 N.W.2d 271 (S.D.1979); *State v. Rauscher*, 267 N.W.2d 582 (S.D.1978); *State v. Drapeau*, 45 S.D. 507, 189 N.W. 305 (1922). Additionally, there was the hammer testimony. Evidence that an accused possessed or had access to tools, weapons, implements, or other articles with which the robbery was or might have been committed is also admissible to provide corroboration connecting the accused with the crime. *State v. Brown*, 285 N.W.2d 848 (S.D.1979). That such items of evidence provide corroboration does not mean that, standing alone,

---

* SDCL 22–3–3 provides:

> Any person who, with the intent to promote or facilitate the commission of a crime, aids, abets or advises another person in planning or committing the crime, is legally accountable, as a principal to the crime.

they would be adequate to sustain a conviction. *State v. Drapeau,* supra; *State v. Rauscher,* supra; *State v. Stecker,* 79 S.D. 79, 108 N.W.2d 47 (1961); *State v. Hicks,* 6 S.D. 325, 60 N.W. 66 (1894).

Something more than mere presence at the time when and the place where the crime is committed is required to prove the accused committed the offense, *State v. Bonrud,* 246 N.W.2d 790 (S.D.1976); *State v. Henry,* 87 S.D. 454, 210 N.W.2d 169 (1973), and it makes no difference that the one present remained silent or even acquiesced in the commission of the offense if he is under no legal duty to act for the prevention of the crime. *State v. Johnson,* 81 S.D. 600, 139 N.W.2d 232 (1965). In *State v. McCreary,* 82 S.D. 111, 142 N.W.2d 240 (1966), we concluded the evidence was insufficient to establish that the defendant was a principal to a burglary where she remained in a parked automobile while her husband and another man removed the coin box from a telephone in a laundromat. We noted in that case, however, that because of the manner in which the offense was committed, there was no need for a lookout and the defendant at no time operated the automobile.

While the mere presence of a person at the scene of a crime does not make him a participant, it is a circumstance which tends to support a finding that he is, and with other facts and circumstances, may establish his guilt for the offense. *State v. Anderberg,* 89 S.D. 75, 228 N.W.2d 631 (1975); *State v. Nelson* 88 S.D. 348, 220 N.W.2d 2 (1974), cert. denied, 419 U.S. 1110, 95 S.Ct. 784, 42 L.Ed.2d 807 (1975); *State v. Weinandt,* 84 S.D. 322, 171 N.W.2d 73 (1969); *State v. Peck,* 82 S.D. 561, 150 N.W.2d 725 (1967). When the evidence indicates that the defendant was more than a passive bystander and knowingly did something to assist in the commission of a crime, then his status changes. Accordingly, in *State v. Quiram,* 52 S.D. 615, 219 N.W. 830 (1928), where the accused waited at the entrance of a cave while his companion operated a still inside, and helped the companion obtain water from a well for the still, the evidence was deemed sufficient to support a conviction of aiding and abetting in the crime of making intoxicating liquor for beverage purposes. Upon a showing that the purpose of keeping watch at some convenient distance, while another person commits the actual criminal act, is to divert suspicion, provide a getaway, or prevent surprise, then sufficient aid and assistance has been established to render the lookout a principal to the crime. 21 Am.Jur.2d Criminal Law, § 122 (1965); *State v. Peck,* supra.

From the evidence, the jury could reasonably infer that appellant transported Ter Wee and the burglary tools to the scene of the crime, and then parked his car about one hundred feet from where Ter Wee made his entrance to serve as a lookout. If appellant took Ter Wee to the Stockman's Bar, it would be reasonable to assume that he was also waiting to help him leave. The jury could also fairly conclude that the defendant likely provided Ter Wee with one of the tools, which was either used, or intended for use, in the commission of the burglary. Accordingly, the presence of the accused at the scene of the crime, his close association with Ter Wee, and their conduct before and when the crime was committed provided the jury with a combination of circumstances sufficient to establish that he aided and abetted Dale Ter Wee Jr. in the commission of the burglary. *State v. Bonrud,* supra; *State v. Nelson,* supra; *State v. Weinandt,* supra. That he did this with the intent to promote or facilitate the commission of the crime may also be inferred from the facts and circumstances and need not be directly or positively proved. *State v. Peck,* supra.

Appellant correctly notes the established rule in this state that to warrant a conviction upon circumstantial evidence alone, such facts and circumstances must be shown as are consistent with each other and with guilt of the party charged, and such as cannot by any reasonable theory be true and the party charged be innocent. *State v. McCreary,* supra; *State v. Thomas,* 78 S.D. 568, 105 N.W.2d 549 (1960). We are not persuaded, however, by appellant's ar-

gument that the inferences that may fairly be drawn from the evidence in this case do not meet this test. To support a conviction on circumstantial evidence, it is not necessary to exclude every possible hypothesis of innocence. *State v. Scott*, 84 S.D. 511, 173 N.W.2d 287 (1969), cert. denied, 400 U.S. 821, 91 S.Ct. 39, 27 L.Ed.2d 49 (1970); *State v. Thomas*, supra. On appeal, the question is not whether there is evidence inconsistent with guilt, but rather whether the evidence, including circumstantial evidence and reasonable inferences which can be drawn therefrom sustain a rational theory of guilt. *State v. Battest*, 295 N.W.2d 739, (S.D. 1980); *State v. Dietz*, 264 N.W.2d 509 (S.D. 1978); *State v. Luna*, 264 N.W.2d 485 (S.D. 1978). In making this review, we must accept that evidence, and the most favorable inferences that can be fairly drawn therefrom, which will support the verdict. *State v. White*, 269 N.W.2d 781 (S.D.1978); *State v. Luna*, supra.

Appellant also contends the court improperly submitted the following instruction:

You are instructed that the mere presence alone of an accused at the scene of a crime is not sufficient to make him an aider and abetter. It makes no difference that one present remained silent, or even acquiesced in the commission of the offense, or even mentally approved of the act.

The presence of an accused at the scene of a crime is a circumstance which the jury can consider with all of the other facts and circumstances in the case.

The presence of an accused at the scene of a crime, together with evidence of companionship and conduct before and after the offense is committed, may warrant an inference of guilt.

For the reasons previously stated, we find that this instruction substantially states the applicable law.

We have reviewed the remaining issues raised and find them to be without merit.

The judgment of conviction is affirmed.

All the Justices concur.

