SEVERSON, Justice
(dissenting).
[¶50.] I respectfully dissent. The evidence introduced in this case merely shows the commission of the offense and the circumstances thereof. It does not connect Kihega to the commission of the robbery.
[¶51.] “The standard of review for a motion for acquittal is ‘whether the State set forth sufficient evidence from which the jury could reasonably find the defendant guilty of the crime charged.’ ” State v. Talarico, 2003 S.D. 41, ¶ 38, 661 N.W.2d 11, 24 (quoting State v. Larson, 1998 S.D. 80, ¶ 9, 582 N.W.2d 15, 17). SDCL 23A-22-8 provides: “A conviction cannot be had upon the testimony of an accomplice unless it is corroborated by other evidence which tends to connect the defendant with the commission of the offense. The corroboration is not sufficient if it merely shows the commission of the offense, or the circumstances thereof.” “Corroborating evidence need not be sufficient alone to sustain a conviction.” Talarico, 2003 S.D. 41, ¶ 38, 661 N.W.2d at 24. “Evidence is sufficient to corroborate the testimony of an accomplice if it tends to ‘affirm the truth of the testimony of the accomplice and establish the guilt of the accused.’” Id. (quoting *531 State v. Phyle, 444 N.W.2d 380, 382 (S.D. 1989)).
[¶52.] “There is no requirement that every material fact testified to by the accomplice be corroborated.” State v. Graham, 2012 S.D. 42, ¶ 39, 815 N.W.2d 293, 307. “[C]ircumstantial evidence can satisfy requirements of corroboration.” State v. Nelson, 310 N.W.2d 777, 779 (S.D. 1981). Thus, “a close association between the defendant and an accomplice in the area where the crime was committed may sufficiently connect the defendant with the commission of the crime to furnish the necessary corroboration of an accomplice’s testimony.” Id.; accord State v. Schafer, 297 N.W.2d 473, 475 (S.D. 1980); State v. McDowell, 391 N.W.2d 661, 667 (S.D. 1986). “Corroboration may [also] be found from the defendant’s opportunity and motive to commit the crime and his proximity to the place where the crime was committed.” Graham, 2012 S.D. 42, ¶ 34, 815 N.W.2d at 306.
[¶53.] Washington’s testimony regarding the details of the robbery was largely corroborated by other witnesses at trial. Those witnesses confirmed that a robbery occurred, there were two male robbers, shots were fired, and property was stolen. Law enforcement also confirmed that Washington testified truthfully about the type of weapons involved. But, crucially, such evidence does not “tend[ ] to connect the defendant with the commission of the offense.” See SDCL 23A-22-8. No witness testified that he or she saw Kihega in or around Aberdeen on the day of the offense or with Washington. Kihega’s only established association with Washington was at a casino in a different town and different state, hours after the offense. Detective Neal testified that no weapons, ammunition, clothing, bandanas, gloves, cell phones, money, or money bands were found after the robbery. No evidence indicated Kihega owned, possessed, or had access to the weapons involved. Nothing in Kihega’s conversations with his wife connected Kihega to the robbery. No motive or opportunity evidence was introduced.
[¶54.] Therefore, in this case, the corroborating evidence “merely shows the commission of the offense, [and] the circumstances thereof.” See id. The State’s argument that the bigger picture of the robbery is corroborated is unavailing in light of the fact -that these details are not relevant to Kihega’s involvement in the offense. They certainly corroborate Washington’s testimony,as to the circumstances of the offense. But no corroborating evidence linking Kihega to the robbery was introduced; “The jury exclusively judges witness credibility and weighs evidence.” Graham, 2012 S.D. 42, ¶ 29, 815 N.W.2d at 305. However, there must be sufficient corroborating evidence from which the jury could determine that Kihega was connected to the crime. Our statute is clear, “[t]he corroboration is not sufficient if it merely shows the commission of the offense, or the .circumstances thereof.” SDCL 23A-22-8. Finding no evidence that sufficiently corroborates Washington’s testimony, Kihega’s conviction should be reversed, and the Court need not reach the remaining three issues presented.
[¶55.] WILBUR, Retired Justice, joins this dissent.